## 43657. BRADFORD v. LINDSEY CHEVROLET COMPANY, INC.

PANNELL, Judge. On July 17, 1965, Harry A. Ely purchased an automobile from Lindsey Chevrolet Co., Inc., plaintiff in the court below and appellee here, and executed and delivered to it a conditional sale contract for the balance of the purchase money. The conditional sale contract contained a provision authorizing a repossession of the property sold and provided that "such repossession shall not affect seller's right, hereby confirmed, to retain all payments made prior thereto by the purchaser hereunder" and "in the event of repossession of said property, the seller shall have such rights and remedies as are provided and permitted by law. . ."

Thomas A. Bradford, defendant below and appellant here, because the purchaser was a minor, agreed in writing on the conditional sale contract that "in the event the buyer disaffirms the said contract to indem[n]ify the seller or the assignee of said contract against, and to save him or it or them harmless from any and all loss damage or liability resulting from such disaffirmance." Lindsey Chevrolet Co., Inc., then transferred and assigned this instrument to a third party financing agent. The transfer and assignment contained the following provision: "In consideration of your purchase of the within contract, undersigned guarantees payment of the full amount remaining unpaid hereon, and covenants if default be made on any instalment herein, to pay the full amount to be paid to" the assignee, and "liability of the undersigned shall not be affected by any settlement, extensions, variation of terms of the within contract affected with, or by the discharge or release of the obligation of the purchaser or any other person interested, by operation of law or otherwise." The automobile was subsequently wrecked on November 19, 1965, and was delivered by the purchaser to a garage for repair. No subsequent payments on the contract were made by the purchaser. The holder of the conditional sale note sometime thereafter repossessed the automobile and delivered the automobile to the appellee automobile dealer and called upon it to pay the balance on the contract in accordance with the assignment. This the appellee did and on April 21, 1966, the conditional sale contract was transferred back to the appellee together with all right, title and interest in and to the auto-

mobile. No demand or request for payment was made of either the purchaser or the guarantor prior to the institution of suit against the guarantor, Bradford, on July 11, 1966. Bradford defended on the grounds that the repossession and retention of the automobile was a "waiver" of the right to collect on the conditional sale contract.

The case was tried on October 24, 1967, and the automobile was still in possession of the appellee at that time. The president of the appellee testified that the automobile was worth approximately the amount sued for at the time the suit was filed, but that no credit had been given on the note for the value of the automobile. The evidence either demanded or authorized the jury to make findings in accordance with the above statement of the case. The automobile dealer appellee made a motion for a directed verdict, which was overruled. The jury returned a verdict for the defendant, Bradford; however, the automobile dealer appellee's motion for judgment notwithstanding the verdict was sustained by the trial judge and Bradford appeals. A motion was made to dismiss the appeal. *Held:*

1. Neither the failure of the notice of appeal to give the mailing address of the attorney for the appellee "as required" by Rule 11 (b), 111 Ga. App. 887, nor the failure to specify whether or not any transcript of the proceedings is to be transmitted as a part of the record on appeal, as required by Section 2 of the Act of 1966 (Ga. L. 1966, pp. 493, 495) amending Section 4 of the Act of 1965 (Ga. L. 1965, pp. 18, 20; *Code Ann.* § 6-802) is a ground for dismissing the appeal.

2. Irrespective of whether the law prior to the Georgia Uniform Commercial Code (Ga. L. 1962, p. 156 et seq.) or the Commerical Code itself applies here, the result is the same. See § 109A-9—501 et seq. of the Georgia Uniform Commercial Code. The action of the holder in legally repossessing the security under a conditonal sale contract, the retention of the same without sale and without excuse for not selling, and without demand for payment of the contract, for a period of approximately 50 days before suit on the contract and for over 16 months from the time of filing suit to the time of trial, constituted a rescission and satisfaction of the contract and no recovery could be had thereon. See in this connection *Hargett v. Muscogee Bank,* 32 Ga. App. 701 (124 SE 541); *Blevins Aircraft Corp. v. Gardner,* 66 Ga. App. 843 (19 SE2d

350); *Southern Auto Finance Co. v. Chambers,* 65 Ga. App. 259 (15 SE2d 903); *Gibson v. Filter Queen Co.,* 109 Ga. App. 650 (136 SE2d 922); *Moody v. Nides Finance Co.,* 115 Ga. App. 859 (156 SE2d 310); *Braswell v. American Nat. Bank,* 117 Ga. App. 700. The trial court erred in granting the appellee's motion for judgment notwithstanding a verdict.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*

ARGUED MAY 8, 1968—DECIDED MAY 15, 1968.

*Walton Hardin,* for appellant.
*Lawson E. Thompson,* for appellee.