## 51735. WADE v. SPORT CONCESSION ENTERPRISES, INC.

Bell, Chief Judge.

This is a suit to recover a balance due against several defendants on a bill of sale to secure debt and a promissory note incorporated within the bill of sale to secure debt. A

jury verdict was returned for the plaintiff. One of the defendants, Wade, enumerates as error the denial of a motion for directed verdict.

At trial it was shown that plaintiff sold its restaurant business and equipment located in Columbus, Georgia to the defendant corporation. At the time of sale a promissory note and a bill of sale to secure the debt on restaurant equipment was executed by the corporate defendant. Three of its officers, the other defendants, also endorsed the instrument in their individual capacities. There was a default in payment, unsuccessful demand for payment, and suit was filed in July 1973. In June 1974, and prior to trial, plaintiff, by its president, repossessed the restaurant equipment from the premises because the landlord had advised that if it were not removed it would be set out into the street as there had been a nonpayment of the rental. Plaintiff had the equipment taken to Pennsylvania where it was cleaned and stored. There was evidence that there was no market for the property in Columbus, Ga. or Pennsylvania nor a place to store it. As of the time of the trial none of the defendants made any inquiry about recovering the property. *Held:*

Defendant Wade contends that the repossession without notice for the purpose of selling the property and retaining it for at least nine months constitutes a rescission and satisfaction of the contract. In support of this argument he cites *Bradford v. Lindsey Chevrolet Co.,* 117 Ga. App. 781 (2) (161 SE2d 904). In that case it was held that the act of the holder in repossessing the security (a car) under a conditional sales contract, the retention of the collateral without sale and without excuse for not selling it constituted a rescission and satisfaction of the contract. The facts here are distinguishable. The evidence would authorize the jury to find that plaintiff's retaking of possession was for the purpose of preserving the property from imminent destruction or loss. There is also evidence which authorizes a finding that there was no market for this equipment in Columbus, Ga. or in Pennsylvania.

The jury verdict was authorized by the evidence. It was not error to deny defendant's motion for directed verdict.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

ARGUED JANUARY 13, 1976 — DECIDED MARCH 8, 1976.

*Waldrep & Williams, Joseph L. Waldrep,* for appellant.

*Elkins & Flournoy, Thomas M. Flournoy, Jr.,* for appellee.