## 52164. McCULLOUGH v. MOBILAND, INC.

STOLZ, Judge.

This is a suit on a note executed by defendant McCullough, secured by assignment of 7,500 shares of common stock in Mobiland, and presently in default. In the bench trial below, the judge entered a verdict for plaintiff Mobiland, and it is from this judgment that the defendant, Glenn McCullough, appeals.

The thrust of this appeal is whether or not the plaintiff-creditor could retain the collateral while pursuing legal action to recover on the note.

1. Appellant's first enumeration of error alleges that retention of the stock certificate, long after the default, amounted to either an accord and satisfaction, or a rescission of the security agreement.

Where accord and satisfaction is raised as a defense, the burden of proof lies with the party relying on the doctrine. See *Searcy v. Godwin,* 129 Ga. App. 827 (3) (201 SE2d 670). Code Ann. § 20-1201 provides that "Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction, where it is so expressly agreed by the parties; and without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former contract." "The accord and satisfaction must be of some advantage, legal or equitable, to the creditor, or it will not have the effect of barring him from his legal rights." Code Ann. § 20-1203. "An agreement by a creditor to receive less than the amount of his debt cannot

be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration." Code § 20-1204.

There is no evidence in the record that Mobiland expressly made a subsequent agreement that the debt had been satisfied. Moreover, a subsequent agreement could only be implied from evidence of new consideration. There is no such evidence in this case. The original security agreement provided that Mobiland take, in addition to the $5,300 note, an assignment of 7,500 shares of stock as security for which Mobiland would be under no duty "to enforce payment . . . or to take any action in regard to [the] collateral." After default, Mobiland remained in the same, if not a worse, position. Mobiland then held an overdue note for $5,300, and the same 7,500 shares of stock, of which it had made no disposition. Certainly, the appellant could not contend that the stock may have appreciated in value, since there is no evidence in the record as to the present value of the stock, par value not being synonymous with fair market value.

Since the appellant has shown no subsequent agreement, no new consideration passing to Mobiland, and no evidence that the stock was worth at least the amount of the debt, he has failed to carry his burden of proof in pleading accord and satisfaction as a defense to this suit.

The cases cited by the appellant in support of this contention are inapposite, since they deal with either affirmative action to repossess collateral held by the debtor under the security agreement (e.g., *Wood v. Yancey Bros. Co.,* 135 Ga. App. 720 (218 SE2d 698); Harris v. Bower, 266 Md. 579 (295 A2d 870); Moran v. Holman, 13 UCC R.S. 206) or with retention of intangibles valued far in excess of the debt secured (e.g., *Mercantile Nat. Bank v. Berger,* 129 Ga. App. 707 (200 SE2d 921)).

Moreover, the appellant's argument that retention of the stock certificate amounted to rescission of the security agreement, has no merit. In *Allen Housemovers v. Allen,* 135 Ga. App. 837 (219 SE2d 489), the plaintiff testified that he considered the contract to be at an end,

and accordingly had acted to reclaim the property sold under the contract. In fact, the essence of the cases declaring a rescission of a contract have all involved either creditor misbehavior or other conduct inconsistent with the rights established by the contract. See, e.g., *Cornett & Co. v. Newsome,* 27 Ga. App. 340 (3) (108 SE 254); *Kelly v. Morris,* 46 Ga. App. 353 (167 SE 716); *Sterchi Bros. Co. v. Harris,* 47 Ga. App. 772 (171 SE 457); *Blevins Aircraft Corp. v. Gardner,* 66 Ga. App. 843 (19 SE2d 350); *Bradford v. Lindsey Chevrolet Co.,* 117 Ga. App. 781 (161 SE2d 904); *Allen Housemovers v. Allen,* supra.

In the case at bar, Mobiland has offered to surrender the stock upon payment of the note, has continually maintained that the transaction was, and is, valid, and has otherwise acted in a manner consistent with the contract. There is no basis for holding that the security agreement has been rescinded.

2. The appellant further contends that retention of the collateral after default precludes this suit for a money judgment. His argument proceeds along these lines: Code Ann. § 109A-9—505 (2) provides, "In any other case involving consumer goods or any other collateral a secured party in possession may, after default, propose to retain the collateral in satisfaction of the obligation. Written notice of such proposal shall be sent to the debtor. . ." By retaining the collateral without so notifying McCullough, Mobiland has allegedly breached the provisions of the Uniform Commercial Code and is barred from obtaining a money judgment under Code Ann. § 109A-9—507.

This argument is shortsighted insofar as it fails to read the Code section in its context. Code Ann. § 109A-9—501 sets forth the general remedies of both creditor and debtor; the remaining provisions of Chapter 9 of the Uniform Commercial Code are simply elaborations on the various remedies summarized in Code Ann. § 109A-9—501. As such, they are neither mandatory nor mutually exclusive.

Code Ann. § 109A-9—501 provides in pertinent part: "(1) When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in this Part and except as limited by subsection

(3), *those provided in the security agreement.* He may reduce his claim to judgment, foreclosure or otherwise enforce the security interest by any available judicial procedure. If the collateral is documents the secured party may proceed either as to the documents or as to the goods covered thereby. A secured party in possession has the rights, remedies and duties provided in 109A-9—207. The rights and remedies referred to in this subsection are *cumulative."* (Emphasis-supplied.)

Once default has occurred, the creditor is authorized to take or retain possession of the collateral. Code Ann. § 109A-9—503. He may then proceed to reduce his claim to judgment, to foreclose on the goods, to dispose of the collateral in a commercially reasonable manner, or to retain the goods in satisfaction of the debt. Code Ann. §§ 109A-9—501, 109A-9—503, 109A-9—504, 109A-9—505. Nothing in the Code prohibits the creditor in possession of the goods from proceeding in a judicial action on the note. The remedies are cumulative and the creditor is not required to reduce himself to the position of an unsecured creditor so long as he acts in a commercially reasonable manner and does not, by his actions or omissions, further impair the position of the debtor. See, e. g., Harris v. Bower, 266 Md. 579, supra; Moran v. Holman, 13 UCC R.S. 206, supra.

"It is of course basic law that the purpose of collateral is to secure the creditor and increase his chance of recovery in the case of default. The existence of a security interest in no way affects the existence of the debt. It merely provides the secured party with an immediate source of recovery in addition to the standard remedies of an unsecured creditor. . . . [T]he intent of the code was to broaden the options open to a creditor after default rather than to limit them under the old theory of election of remedies." Michigan Nat. Bank v. Marston, 29 Mich. App. 99, 106 (185 NW2d 47).

In stating that a creditor *may propose* to keep the goods in satisfaction of the debt so long as he gives the required notice and no one objects, Code Ann. § 109A-9—505 (2) merely sets forth a permissive, not a mandatory, remedy. There is nothing in the record before us that suggests that such a proposal was ever made or even

intended. There is no merit to the appellant's argument. *Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED MAY 3, 1976 — DECIDED JUNE 10, 1976 — REHEARING DENIED JULY 9, 1976 —

*Gershon, Ruden, Pindar & Olim, Jay E. Loeb,* for appellant.

*Barwick, Bentley & Binford, Thomas S. Bentley, Gary L. Seacrest,* for appellee.