### 72179. EMMONS v. BURKETT.
(348 SE2d 323)

BEASLEY, Judge.
In May 1983 debtor Emmons contracted to buy creditor Burkett's business, a shooting range and retail firearms shop. He executed a note in partial consideration for $167,500 payable in monthly installments. The contract provided that debtor would assume the lease of the premises on which the business was operated, that creditor would not operate a retail gun shop within a five-mile radius, and

that in the event debtor failed to pay an installment when due, the debt could be accelerated at creditor's option and a 12% interest charge would be assessed. The note was secured by a perfected security interest in the business inventory and equipment.

On August 28, 1984, creditor by letter demanded surrender of the collateral, payment of the balance owed, interest, and attorney fees, asserting debtor defaulted on the note. On September 10, creditor, with the aid of a locksmith and upon giving notice to the lessor's property management company, secured possession of the business and changed the locks, barring debtor and lessor from entry.

On September 14, creditor filed suit against debtor to recover $163,713.83 alleged owed on the note, plus interest and attorney fees. Debtor answered denying creditor's claim and asserting that creditor was barred from recovery because he violated the covenant not to compete and also because he seized "equipment, leasehold improvements and personalty" in violation of Article 9 of the Uniform Commercial Code. He counterclaimed for loss of business profits caused by his inability to continue business operations due to the lock-out, loss of goods and equipment wrongfully seized, punitive damages and attorney fees.

In late November or early December, upon the institution of a dispossessory action by the lessor against both creditor and debtor, creditor surrendered the premises to the lessor and removed the following items from the property: range equipment, eleven glass display cases, an answering machine, two adding machines, a file cabinet, a metal cabinet, a swivel chair, hearing protectors, and targets. Without notifying debtor of a contemplated sale, creditor in several transactions sold the answering machine, eleven glass showcases, and twenty-five hearing protectors for a total of $1,175. He was unsuccessful in his attempts to sell the range equipment. The range equipment and two cabinets remain in his possession. He apparently threw some items, such as the targets, away.

On May 9, 1985 creditor moved to add three members of debtor's family as party defendants, which was granted. He then amended his complaint to allege that these defendants were in wrongful possession of a Coca-Cola machine, reloadable brass, and thirty-four firearms secured as collateral. Twelve of these firearms were subsequently turned over to creditor. After giving notice of intent to sell these firearms (the notice also included creditor's intent to sell the range equipment and armor plate), creditor then consigned the weapons to a business for their sale. One was sold for $340.

On August 16, 1985 debtor moved for summary judgment on creditor's action. He asserted that creditor is precluded from recovering on all claims against him as a matter of law, because he failed to comply with the notice requirement of OCGA § 11-9-504 (3) before

selling collateral upon default, and because creditor secured possession of the collateral in breach of the peace, violating OCGA § 11-9-503. The trial court denied the motion, and we granted debtor's application for interlocutory review of this order.

1. The sales contract specified that "the law of the State of Georgia and the Uniform Commercial Code as adopted at this time in Georgia shall control." OCGA § 11-9-504 (3) of the Uniform Commercial Code provides that "reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor. . . ." It is uncontested that creditor failed to provide the requisite reasonable notification of the intended disposition of the items seized from the leased premises, i.e., the sales, attempted sales, and the discarding of items.

Contrary to debtor's position, creditor's failure to give notice in accordance with OCGA § 11-9-504 (3) does not as a matter of law preclude his right of recovery here: "Once default has occurred, the creditor is authorized to take or retain possession of the collateral. [OCGA § 11-9-503]. He may then proceed to reduce his claim to judgment, to foreclose on the goods, to dispose of the collateral in a commercially reasonable manner, or to retain the goods in satisfaction of the debt. [OCGA §§ 11-9-501; 11-9-503; 11-9-504; 11-9-505]. *Nothing in the Code prohibits the creditor in possession of the goods from proceeding in a judicial action on the note.* The remedies are cumulative and the creditor is not required to reduce himself to the position of an unsecured creditor so long as he acts in a commercially reasonable manner and does not, by his actions or omissions, further impair the position of the debtor. [Cits.]" *ITT Terryphone Corp. v. Modems Plus, Inc.*, 171 Ga. App. 710, 711-712 (2) (320 SE2d 784) (1984).

" ' "It is, of course, basic law that the purpose of collateral is to secure the creditor and increase his chance of recovery in the case of default. The existence of a security interest in no way affects the existence of the debt. It merely provides the secured party with an immediate source of recovery in *addition to the standard remedies of an unsecured creditor* . . . (T)he intent of the code was to broaden the options open to a creditor after default rather than to limit them under the old theory of election of remedies." (Cit.)' (Emphasis supplied.) [Cit.]" *ITT Terryphone Corp.*, supra at 712. "*[T]he Uniform Commercial Code does not prohibit sale without notice.* A debtor is entitled to recover any loss caused by such a sale; that is, a loss caused by a sale at a less than adequate price. Code Ann. § 109A-9—507 [OCGA § 11-9-507], supra. He is also protected from any action by the secured party to recover any deficiency between the sale price and the balance owing. [Cit.] (Emphasis supplied.)" *Trust Co. of Co-*

*lumbus v. Kite,* 164 Ga. App. 119, 121 (1) (294 SE2d 606) (1982).

Contrary to inferences by both creditor and debtor, the case at bar is not an action for a deficiency judgment. Creditor has sued on the note. There is no deficiency judgment action since creditor secured possession of only a portion of the collateral and has sold an even smaller portion. Cf. *GEMC Fed. Credit Union v. Shoemake,* 151 Ga. App. 705, 706 (2) (261 SE2d 443) (1979). The money obtained by creditor from the sales will be applied against any indebtedness determined by the trial court. Debtor will have the opportunity to prove any loss caused by the creditor's failure to comply with the notice and sale provisions of the Uniform Commercial Code, which would then be offset against the indebtedness. OCGA § 11-9-504; *Trust Co. of Columbus,* supra at 120.

As explained in *Barney v. Morris,* 168 Ga. App. 426, 428 (2) (309 SE2d 420) (1983), "[A] creditor who fails to comply with the provisions of the UCC as to repossessed collateral is met with two results for noncompliance: (1) it will be presumed that the value of the repossessed collateral equals the amount of the debt, and (2) even if the secured party overcomes such presumption, any recovery is subject to an offset of damages proved by the debtor resulting from the violation." These are all matters yet to be resolved at trial.

2. Debtor next contends that creditor is prohibited from recovering on this action as a matter of law because he breached the peace in seizing the collateral.

OCGA § 11-9-504 provides that "[u]nless otherwise agreed a secured party has on default the right to take possession of the collateral . . . without judicial process if this can be done without breach of the peace. . . ." If it cannot, the creditor may then proceed by instituting court action.

Debtor has cited no authority, and we have found none, for the proposition that a breach of peace by the creditor bars all recovery on a debt. Rather, the remedy available to the debtor for creditor's misbehavior is recovery in tort for damages incurred. See *Whisenhunt v. Allen Parker Co.,* 119 Ga. App. 813, 818-820 (4) (168 SE2d 827) (1969); *Deavers v. Stanridge,* 144 Ga. App. 673, 674 (1) (242 SE2d 331) (1978). See White & Summers, Uniform Commercial Code, 1972, pp. 966-969, 995-996. Moreover, we could not say as a matter of law that creditor's entry into the business premises was in breach of the peace in that, because debtor was not present at the time, there is no evidence of "accompanying incitement to immediate violence," nor "unequivocal oral protest of the defaulting debtor." *Deavers,* supra at 674-675.

The trial court did not err in denying debtor's motion for summary judgment on creditor's claim as there are numerous issues of fact still unresolved. Debtor, as movant, has not shown that as a mat-

ter of law, irrespective of the issues remaining, creditor is precluded from recovering under any theory of the claim. *Vann v. Williams,* 165 Ga. App. 457, 459 (299 SE2d 908) (1983).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 8, 1986 —
REHEARING DENIED JULY 23, 1986 —

*John M. Comolli, Robert E. Stagg, Jr.,* for appellant.
*Paul Myers,* for appellee.