### 43794. EMMONS et al. v. BURKETT.
(353 SE2d 908)

BELL, Justice.

We granted certiorari in this case to determine whether the Court of Appeals correctly concluded that the appellee creditor, who had sold a small portion of the debtor's collateral without the notice required by OCGA § 11-9-504 (3), was not barred from obtaining an in personam judgment against or selling the other collateral of the debtor. *Emmons v. Burkett*, 179 Ga. App. 838 (1) (348 SE2d 323) (1986).

The facts of this case are well-stated in the Court of Appeals' opinion, see *Emmons v. Burkett*, supra, 179 Ga. App. at 838-840, and will be reiterated here only when necessary to a discussion of the issues presented.

1. In *Gurwitch v. Luxurest Furniture Mfg. Co.*, 233 Ga. 934 (214 SE2d 373) (1975), this court adopted the rule that, if a creditor sells collateral of a debtor without the notice required by OCGA § 11-9-504 (3), the creditor is barred from proceeding to obtain a personal judgment against the debtor to recover the difference between the amount obtained from the sale of the collateral and the amount the court determines is due on the note. In *Reeves v. Habersham Bank*, 254 Ga. 615 (2) (331 SE2d 589) (1985), this court was presented with the question whether the *Gurwitch* rule barring a deficiency recovery should be applied to cases in which a creditor attempted to recover a deficiency against the collateral of a guarantor. We answered this

---

question in the affirmative, and have reiterated that answer in *United States v. Kennedy*, 256 Ga. 345 (348 SE2d 636) (1986).

In the instant case, relying on *Gurwitch, Reeves,* and *Kennedy,* Emmons, the debtor, argues that Burkett, the creditor, should be barred from proceeding against his remaining collateral or from obtaining a personal judgment against him, to satisfy the deficiency remaining on his note following the sale of the collateral.

The Court of Appeals concluded that, because Burkett filed a suit for recovery on the note before selling the collateral in question,[1] this was not a deficiency action and the effect of Burkett's noncompliance with OCGA § 11-9-504 (3) was not the same as if he had first sold the collateral and then sued to recover a deficiency. We disagree with this conclusion.

We do so because we see no reason to distinguish between a situation where the creditor first sues on the note and then sells collateral, and a situation where the creditor first proceeds against collateral and then sues on the note. In both situations, the creditor must obtain a judgment on the note and must attempt to recover the deficiency between the amount obtained on the sale of the collateral and the amount determined to be due on the note.

Moreover, the fact that a creditor may have proceeded to judgment on a note before selling collateral without notice does not in any manner satisfy the ultimate purposes of OCGA § 11-9-504 (3), which are to enable the debtor to exercise his right of redemption under OCGA § 11-9-506, if he or she so chooses, and, if not, to minimize any possible deficiencies remaining after the sale. *Reeves,* supra, 254 Ga. at 619; *Kennedy,* supra, 256 Ga. at 347. As is readily apparent, the debtor has the same interest in the disposition of the collateral whether the creditor first obtains a judgment on the note and then sells the collateral or first sells the collateral and then obtains a judgment on the note. Since OCGA § 11-9-504 (3) is designed to protect the debtor, the effect of the creditor's noncompliance with that code section should be the same in either instance, and we now so hold. For a case reaching the same result, see *Spillers v. First Nat. Bank,* 400 NE2d 1057 (Ill. App. 1980).[2]

2. Having determined that the effect of a creditor's noncompliance with the notice provision of OCGA § 11-9-504 (3) should be the

---

[1] When we refer to the sale of collateral in this opinion, we refer to a sale carried out pursuant to the creditor's rights under the security agreement and the UCC, and not to a sale carried out by judicial process following a judgment on the note.

[2] In *Spillers v. First Nat. Bank,* supra, 400 NE2d, the creditor first obtained a judgment on the note and subsequently exercised its rights under the UCC and sold some of the debtor's collateral. The creditor sold the collateral without giving the required notice to the debtor. Despite the fact that the creditor had first obtained a judgment on the note, the court concluded that its rule barring the collection of a deficiency was applicable. Id. at 1061.

same whether the creditor first obtains a judgment on the note or first sells the collateral, we must now examine the effect of the creditor's noncompliance.

As previously noted, in *Gurwitch v. Luxurest Furniture Mfg. Co.*, supra, 233 Ga., this court adopted the "absolute-bar" rule, holding that the failure of the creditor to comply with the notice requirements of OCGA § 11-9-504 (3) when selling collateral operates as an absolute bar to the recovery of a deficiency. This rule has been followed since its inception without reanalysis of its merits. See, for example, *Reeves v. Habersham Bank*, supra, 254 Ga., and *United States v. Kennedy*, supra, 256 Ga., in which the primary issues involved the application of the rule rather than the wisdom of it. We are now convinced, however, that the harshness of the absolute-bar rule of *Gurwitch* should be reevaluated.

An alternative rule which we find merits our consideration has been termed the "rebuttable-presumption" rule. See White & Summers, Uniform Commercial Code, § 26-15 (2nd ed. 1980); Vol. 1A, Bender's Uniform Commercial Code Service, § 8.06 [2]. In fact, in *Farmers Bank v. Hubbard*, 247 Ga. 431 (276 SE2d 622) (1981), we carved out an exception to the absolute-bar rule of *Gurwitch*, and adopted the rebuttable-presumption rule for cases in which the only issue is whether, concerning the commercial reasonableness of the sale, see OCGA § 11-9-504 (3), the sale price of the collateral was adequate.

Under the rebuttable-presumption rule, if a creditor fails to give notice or conducts an unreasonable sale, the presumption is raised that the value of the collateral is equal to the indebtedness. To overcome this presumption, the creditor must present evidence of the fair and reasonable value of the collateral and the evidence must show that such value was less than the debt. See *Farmers Bank v. Hubbard*, supra, 247 Ga. at 435 and 437. If the creditor rebuts the presumption, he may maintain an action against the debtor or guarantor for any deficiency. Any loss suffered by the debtor as a consequence of the failure to give notice or to conduct a commercially reasonable sale is recoverable under § 11-9-507 and may be set off against the deficiency. For example, if a creditor has conducted a commercially unreasonable sale, the debtor may suffer a loss, in that he will not receive as much of a credit from the sale of the collateral as he should have. In such an instance, the debtor is entitled to be awarded an additional credit equalling the difference between the fair market value of the collateral and the amount for which the collateral was sold.[3] See White & Summers, supra, § 26-15; Bender's Uniform Com-

---

[3] We also note that if the debtor can show that he or she intended to redeem the collat-

mercial Code Service, supra, § 8.06 [2]; *First Galesburg Nat. Bank &c. v. Joannides*, 469 NE2d 180, 183 (Ill. 1984); *Weiner v. American Petrofina Marketing Inc.*, 482 S2d 1362 (Fla. 1986).

In examining the merits of the absolute-bar rule of *Gurwitch* and of the rebuttable-presumption rule outlined above, we conclude that the fairer rule and the rule most consistent with the intent of the Uniform Commercial Code is the rebuttable-presumption rule. First, we note that OCGA § 11-9-504 (2) expressly states that the creditor has a right to recover any deficiency from the debtor. Significantly, the code provisions concerning a debtor's default nowhere provide that a lack of notice bars a deficiency judgment or that proper notice is a condition precedent to the bringing of a deficiency action. Moreover, OCGA § 11-9-507 explicitly provides a remedy for a creditor's noncompliance with the requirements of OCGA § 11-9-504 (3). Under § 11-9-507 (1), "[i]f the [creditor's] disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this part." OCGA § 11-9-507 does not provide that a failure to comply with § 11-9-504 bars the creditor from bringing an action to recover any deficiency. Based on the foregoing we conclude that the code provisions themselves do not require the imposition of an absolute-bar rule.

In addition, and most importantly, we find that the absolute-bar rule is contrary to the intent of the Uniform Commercial Code. OCGA § 11-1-106 expressly prohibits penal damages, and provides that the remedies provided by the UCC should be liberally administered so that the aggrieved party "may be put in as good a position as if the other party had fully performed." Yet, by absolutely barring a deficiency action, even if the debtor has suffered no damage from a lack of notice or a commercially unreasonable sale, the debtor receives a windfall and the creditor is arbitrarily penalized. This is so despite the fact that it is the debtor's default on his obligation which necessitated the sale of the collateral.

We conclude that the rebuttable-presumption rule, by placing

---

eral but was prohibited from doing so by the creditor's lack of notice, the debtor could possibly recover damages for the loss of use of the collateral. In this regard, UCC § 1-106 (1), official comment 1 (1978), provides that damages need not be calculable with mathematical accuracy. See Comment, *The California Article 9 No Deficiency Rule: Undermining the Secured Party's Security*, 34 Hastings Law Journal 153, 173 (1982); 6G, Willier & Hart, UCC Reporter-Digest § 9-504, A124 (Matthew Bender & Co.). It should also be noted, however, that in reality a debtor who has defaulted on a loan will be only seldom in a strong enough financial position to redeem the collateral, since OCGA § 11-9-506 requires that the debtor must first satisfy the debt secured by the collateral. See Comment, supra, 34 Hastings Law Journal, at 159, fn. 29; 6G, Willier & Hart, supra at A124.

the burden on the creditor to show the propriety of the sale and making him liable under § 11-9-507 for any injury to the debtor, provides an adequate deterrent to an improper sale on the part of a creditor, and adequately protects the debtor's interest, without arbitrarily penalizing the creditor. This is consistent with the conclusion reached in many, if not most, jurisdictions which have considered the question. See *First Galesburg Nat. Bank &c. v. Joannides*, supra, 469 NE2d; *Weiner v. American Petrofina Marketing Inc.*, supra, 482 S2d; and the cites contained therein. We therefore now adopt the rebuttable-presumption rule, both for situations in which the creditor fails to give notice of a sale, and for situations in which the creditor fails to conduct a commercially reasonable sale.

3. Because of our adoption of the rebuttable-presumption rule, this case must be remanded for further consideration consistent with this rule. In this regard, we note that, pursuant to *Reeves v. Habersham Bank*, supra, 254 Ga., and *United States v. Kennedy*, the rebuttable-presumption rule should be applied to this creditor's efforts to collect a deficiency either from the debtor's collateral or by way of a personal judgment.

*Judgment reversed and remanded. All the Justices concur, except Smith, J., who dissents.*

DECIDED MARCH 19, 1987 —
RECONSIDERATION DENIED APRIL 2, 1987.

*Cohen, Pollock, Cooper, Comolli & Stagg, John M. Comolli, Robert E. Stagg, Jr.*, for appellants.
*Paul Meyers*, for appellee.
*Bruce W. Kirbo, W. E. Lockette, Paul E. Kauffman*, amici curiae.