### 75393. CURTIS v. BUTLER.
(365 SE2d 490)

Pope, Judge.

Plaintiff L. D. Butler brought this action to recover the balance due him pursuant to a written promissory note executed by defendant F. Randall Curtis and in default. Curtis brings this appeal from certain adverse rulings of the trial court which resulted in the entry of summary judgment in favor of Butler.

Curtis executed the note in question on September 13, 1979. The note was secured by 7,125 shares of stock of Butler Brothers Tire Company, Inc. and, in relation thereto, provided: "Notwithstanding any other provisions of this note, the undersigned [Curtis] shall have no obligation or liability for the payment hereof beyond the undersigned's interest in the property described in the security agreement securing this note which is herein mentioned, including the dividends thereof and the proceeds from a sale of said stock. By the acceptance of this note and said assignment and security agreement securing this note, Holder [Butler] agrees that in the event of a default hereunder Holder will rely solely for the payment hereof on the collateral securing this note, and will not sue or otherwise seek recourse against the undersigned for any deficiency remaining after a foreclosure or sale of said stock pledged and described by the security agreement securing this note." On March 4, 1980 Butler executed a release of any lien and security interest created by the September 13, 1979 agreement in 3,675 shares of Butler Brothers stock. This release provided that it shall not "in any way be construed to impair or release any portion of this debt owed by . . . Curtis to me represented by the promissory note wherein the stock . . . is pledged." On March 24, 1980 Butler executed a release to the remaining shares of Butler Brothers stock "created by the Collateral Agreement signed by . . . Curtis on the 13th day of September 1979, which Collateral Agreement is hereby terminated for all purposes." Consideration for this second release was stated as ten dollars and other good and valuable consideration.

The thrust of Curtis' enumerations of error is his contention that he is not personally liable to Butler on the subject note due to Butler's release of the collateral securing the note. We find this argument to be entirely meritless. The note itself provided that Curtis promised to pay Butler a specified principal sum plus interest, and Butler established a prima facie case for recovery in this regard. The plain and unambiguous language of the two releases executed by Butler compels the conclusion that only the collateral was released, not Curtis' obli-

gation to Butler under the note. "It is, of course, basic law that the purpose of collateral is to secure the creditor and increase his chance of recovery in the case of default. *The existence of a security interest in no way affects the existence of the debt.* It merely provides the secured party with an immediate source of recovery in addition to the standard remedies of an unsecured creditor." (Emphasis supplied and punctuation omitted.) *ITT Terryphone Corp. v. Modems Plus,* 171 Ga. App. 710, 712 (320 SE2d 784) (1984); *McCullough v. Mobiland, Inc.,* 139 Ga. App. 260 (2) (228 SE2d 146) (1976); see also OCGA § 11-9-406.

The arguments raised by Curtis on appeal provide no ground for reversal of the trial court's grant of summary judgment to Butler.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 26, 1988.

*David. R. Bundrick,* for appellant.
*Jeffrey B. Talley,* for appellee.