A91A1901. BRIDGES v. INTERCONTINENTAL AFFILIATES.
(415 SE2d 475)
BEASLEY, Judge.
 Intercontinental Affiliates brought this action against Bridges for breach of an agreement in settlement of litigation instituted by Intercontinental against Bridges and others in the State of New York. Bridges appeals the trial court's grant of Intercontinental's motion for summary judgment.
 Trans-Rig Associates Limited Partnership was organized in Connecticut in 1981 to engage in the business of providing contract drilling services to third parties searching for oil, gas, and other hydrocarbons. The partnership purchased a land-based oil drilling rig for $7,500,000. To finance acquisition of the drilling rig, the partnership obtained a loan from Chase Manhattan Bank (N.A.) in the amount of $4,340,000, executing a loan agreement and promissory notes. Chase Manhattan received a purchase-money security interest. Each limited partner executed a limited partner assumption agreement, personally obligating the limited partner to guarantee his or her pro rata share of the principal amount of the $4,340,000 bank loan.
 Within several years, the natural gas industry went into decline. Trans-Rig was unable to lease the rig out, and it defaulted on its loan obligations. Involuntary bankruptcy proceedings were commenced against it in Oklahoma, and an automatic stay prohibited any action against Trans-Rig, including repossession of the rig.
 Chase Manhattan assigned the loan to Intercontinental Affiliates, a New York limited partnership. Intercontinental sued the limited partners in New York, based on their guarantees of the promissory notes pursuant to the loan agreement. In April 1988, summary judgment was granted in favor of Intercontinental on the issue of liability but not on damages, since Intercontinental had failed to account for payments made.
 The judgment was affirmed on appeal in October, and the parties to the New York litigation entered into a settlement agreement in December. The settling defendants, individually and not jointly, obligated themselves to pay varying amounts. In paragraph 1, each settling defendant, subject to paragraph 2, was required to pay 100 percent of the principal amount of each settling defendant's guarantee, which in Bridges' case was $135,750; this reflected a waiver of interest

and attorney fees. In paragraph 2, the settling defendants were required to pay 110 percent of the principal amount, reflecting a payment of a portion of interest and a waiver of the remainder of interest as well as attorney fees, if the settling defendants obligated to pay a total of $2,715,000 did not execute the Agreement by December 1, 1988. Paragraph 7 provided: "The Settling Defendants acknowledge that Intercontinental, as a creditor, is in the process of attempting to execute against the land-based drilling rig owned by Trans-Rig, and said Settling Defendants hereby waive any claim to an interest in the rig or the proceeds of any sale of the rig and rights they might have in this regard to Intercontinental."

In a promissory note dated December 1, 1988, Bridges agreed to pay Intercontinental $135,750 plus 9 percent annual interest in installments ending on December 31, 1989; in the event of any default, he agreed to pay $179,674.80 representing the principal amount plus amounts previously waived (less any portion paid) plus 12 percent annual interest, as well as reasonable costs of collection including attorney fees.

Eight months later, Intercontinental instituted the present action against Bridges to recover, among other items, the $179,674.80 in principal, plus interest and costs of collection, including court costs and attorney fees under the note. During the pendency of this litigation, Bridges became aware that in April 1989 Intercontinental had obtained an order lifting the stay in bankruptcy so as to enable it to repossess the rig, which then had a useful life in the range of 20 years. Bridges became aware that Intercontinental had enforced the other limited partners' guarantees, obtaining payments in the amount of $3,805,000. Based on these facts, Bridges sought to discover the facts and circumstances surrounding Intercontinental's repossession and possible sale of the rig, on the theory that Intercontinental had already obtained full payment of its loan.

The trial court disallowed Bridges' discovery request on the ground that Bridges had waived any claim to an interest in the rig or the proceeds of its sale under paragraph 7 of the settlement agreement. For this reason, the trial court also ruled that other issues concerning Intercontinental's repossession and disposition of the rig are not material in the instant action. Bridges enumerates as error the trial court's grant of Intercontinental's motion for summary judgment and its denial of his discovery request.

1. The notemaker Bridges argues that although he waived his right to a redemption of collateral, i.e., the rig, under OCGA § 11-9-506 and to share in any surplus cash proceeds resulting from the sale of the rig, he is nonetheless entitled to a credit for the monies received or value obtained by Intercontinental through its repossession and possible sale of the rig, if such monies or value, together with the

sums already collected from the other limited partners, exceed the amount of the outstanding debt.

But Intercontinental's suit against Bridges is based on his breach of the 1988 settlement agreement and promissory note, and not the earlier limited partner assumption agreement. Paragraph 7 of the settlement agreement plainly states that the limited partners waived any rights in the rig or its proceeds. Paragraph 7 is not reasonably subject to the narrowing interpretation Bridges seeks to place on it, and Bridges has made no showing that the settlement agreement is unenforceable for lack of consideration or for any other reason. See generally OCGA § 13-4-101; *Hinely v. Barrow*, 169 Ga. App. 529, 530 (313 SE2d 739) (1984). Accordingly, the trial court did not err in ruling that Intercontinental's repossession and disposition of the rig are not germane to any issue here.

2. It necessarily follows that there is no merit in Bridges' arguments that there are material issues of fact as to whether Intercontinental is precluded from obtaining a recovery against him by failing to give him reasonable notification of any sale or disposition of the rig and/or by failing to conduct any sale of the rig in a commercially reasonable manner.

"[OCGA § 11-9-504 (3)] controls the disposition of collateral subsequent to default. . . . '. . . [E]very aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable.' '(A) creditor who fails to prove that notice of sale was given to the debtor (where required) or fails to prove that the disposition (sale) . . . was commercially reasonable, is barred from obtaining a deficiency judgment, [cit.] . . .' " *First Nat. Bank &c. v. Rivercliff Hardware*, 161 Ga. App. 259, 260 (287 SE2d 701) (1982).

Intercontinental is not seeking a deficiency judgment. Compare *Emmons v. Burkett*, 256 Ga. 855 (353 SE2d 908) (1987); *ITT Terryphone Corp. v. Modems Plus*, 171 Ga. App. 710 (320 SE2d 784) (1984). Moreover, as recognized in *Rivercliff*, reasonable notification of the time and place of the sale or intended disposition of collateral by the secured party to the debtor is not always required. OCGA § 11-9-504 (3) provides that notice is not required if the debtor has "signed after default a statement renouncing or modifying his right to notification of sale." Paragraph 7 of the settlement agreement constitutes, among other things, such a post-default renunciation.

Intercontinental's motion for summary judgment was properly granted, as Bridges has not met his appellate burden. *Concert Promotions v. Haas & Dodd*, 167 Ga. App. 883, 885 (1) (307 SE2d 763) (1983).

3. Intercontinental's motion for damages for frivolous appeal is denied.

*Judgment affirmed. Carley, P. J., and Judge Arnold Shulman*

*concur.*

DECIDED JANUARY 31, 1992 —
RECONSIDERATION DENIED FBRUARY 17, 1992 — 

*Jones, Brown, Brennan & Eastwood, Myles E. Eastwood, David N. Lefkowitz, James Horace Wood,* for appellant.
*Fox & Adler, Pamela D. Adler, Elizabeth L. Guerra,* for appellee.