### A08A1926. OKEFENOKEE AIRCRAFT, INC. et al. v. PRIMESOUTH BANK.
#### (676 SE2d 394)

BERNES, Judge.

Okefenokee Aircraft, Inc. ("OAI") and Joseph E. Rimes III appeal from a grant of summary judgment to PrimeSouth Bank (the "Bank"), a secured creditor that brought an action for money judgment on the note while holding the collateral pledged by appellants. We conclude that a secured creditor can retain a debtor's collateral while seeking an independent action for money judgment and therefore affirm.

The following facts are undisputed. On or around September 9, 2005, the Bank issued a loan to OAI for the purchase of an airplane. OAI executed a promissory note (the "Note") in favor of the Bank in the principal amount of $161,306.25 plus interest. Rimes executed a personal guarantee on the Note, guaranteeing the payment of sums due according to the terms set forth in the Note. The Note was secured by the airplane being purchased.

OAI defaulted on the Note. The Bank made a demand for payment on both appellants, but neither paid the sums due. The Bank then repossessed the airplane securing the Note. Instead of first disposing of the collateral and seeking a deficiency judgment, however, the Bank held the collateral and sued appellants to enforce

the Note, seeking a money judgment for the loan principal and interest, plus attorney fees.

The Bank moved for summary judgment, arguing that the facts of the case were undisputed and that the only issue for the trial court's consideration was OAI's admitted default and non-payment of the indebtedness under the Note; therefore, the Bank argued that it was entitled to the relief sought as a matter of law. The Bank considered irrelevant its repossession of the collateral to the fact that it was entitled to a money judgment against the appellants for the amount due under the Note.

In response, appellants did not deny defaulting on the Note nor did they dispute the amount due under the Note. Instead, they argued that the Bank was not entitled to a money judgment while it remained in possession of the collateral securing the Note. They further argued that any proceeds from the sale of the airplane must be applied toward the underlying debt and that the Bank's failure to dispose of the airplane once it had been repossessed created a genuine issue of material fact as to whether the Bank acted in a commercially reasonable manner as required by the Uniform Commercial Code.

The trial court agreed with the Bank and, given that the existence of the loan, the default, and the guarantee were undisputed, granted its motion for summary judgment. The trial court specifically held that "[t]he potential breach of [the Bank's] obligations with regard to the collateral is not a defense to a suit on the [Note]." This appeal followed.

Appellants contend that the trial court erred in granting summary judgment to the Bank for two reasons. First, they assert that a genuine issue of material fact exists as to whether the Bank's conduct in repossessing the collateral and failing to dispose of it was commercially reasonable. Second, they argue that a genuine issue of material fact exists as to the amount of appellants' indebtedness until such time as the Bank sells or otherwise lawfully disposes of the collateral and credits the net proceeds of the sale to the indebtedness.

Appellants' arguments are misplaced. The present lawsuit dealt only with the Note that OAI signed and that Rimes guaranteed; the undisputed facts established both the appellants' default in payment and the amount of the underlying debt. Appellants did not file a counterclaim or otherwise present any evidence that the Bank's handling or disposition of the airplane was commercially unreasonable beyond asserting that the Bank's act of repossessing and not disposing of the collateral itself gave rise to a factual issue as to the reasonableness of its conduct. But, as illustrated below, the applicable statutory and case law authorizes the Bank to simultaneously

repossess and retain its collateral while at the same time seeking a money judgment for the full amount of the outstanding debt.

The Uniform Commercial Code provides that once default has occurred, a secured creditor is authorized to take or retain possession of the collateral.[1] OCGA § 11-9-609 (a) (1). The secured creditor may then "reduce a claim to judgment, foreclose, or otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure." OCGA § 11-9-601 (a). Indeed, "[n]othing in the Code prohibits the creditor in possession of the goods from proceeding in a judicial action on the note." *McCullough v. Mobiland*, 139 Ga. App. 260, 263 (2) (228 SE2d 146) (1976). See *Ricker v. First Fed. of Lacrosse-Madison*, 215 Ga. App. 793, 794-795 (452 SE2d 583) (1994); *ITT Terryphone Corp. v. Modems Plus*, 171 Ga. App. 710, 711-712 (2) (320 SE2d 784) (1984). To the contrary, the Code expressly states that the rights and remedies afforded a secured creditor "are cumulative and may be exercised simultaneously." OCGA § 11-9-601 (c).

As we have previously held:

> It is of course basic law that the purpose of collateral is to secure the creditor and increase his chance of recovery in the case of default. The existence of a security interest in no way affects the existence of the debt. It merely provides the secured party with an immediate source of recovery in addition to the standard remedies of an unsecured creditor. The intent of the [C]ode was to broaden the options open to a creditor after default rather than to limit them under the old theory of election of remedies.

(Citation and punctuation omitted.) *McCullough*, 139 Ga. App. at 263 (2). See *ITT Terryphone Corp.*, 171 Ga. App. at 711-712 (2).

Here, the Bank is attempting to reduce its claim to judgment; it is not seeking to recover a deficiency judgment. See *Emmons v. Burkett*, 179 Ga. App. 838, 841 (1) (348 SE2d 323) (1986) (recognizing the difference between an action on a note and a deficiency judgment action), rev'd on other grounds, 256 Ga. 855 (353 SE2d 908) (1987). As stated above, the law allows a secured creditor in possession of a debtor's collateral to employ a number of different remedial steps until the debt is satisfied. Consequently, "[the Bank's] election to repossess the collateral and then to file suit on the [Note] without first disposing of the collateral was not improper under the terms of the [Note] or of the Uniform Commercial Code."

---

[1] The Note specifically provided that, in the event of default, the Bank "may use any remedy . . . under state or federal law."

*ITT Terryphone Corp.*, 171 Ga. App. at 712 (2). Nor did the Bank's repossession of the collateral impact the amount of the OAI's outstanding debt under the Note. See id.; *McCullough*, 139 Ga. App. at 263 (2).[2]

OAI is absolutely correct that the Uniform Commercial Code imposes certain duties upon a secured creditor in possession of collateral, including a mandate that the creditor act in a commercially reasonable manner.[3] As this Court has previously explained:

> It would be unfair to allow a creditor to deprive the debtor of the possession and use of the collateral for an unreasonable length of time and not apply the asset or the proceeds from its sale toward liquidation of the debt. Moreover, it would be equally unfair to allow a creditor to take possession at all, if the creditor never intended to dispose of the security. For during the period that the debtor is deprived of possession he may have been able to make profitable use of the asset or may have gone to far greater lengths than the creditor to sell. Once a creditor has possession he must act in a commercially reasonable manner toward sale, lease, proposed retention, where permissible, or other disposition. If such disposition is not feasible, the asset must be returned, still subject, of course, to the creditor's security interest. *To the extent the creditor's inaction results in injury to the debtor, the debtor has a right of recovery.*

(Citation and punctuation omitted; emphasis in original.) *ITT Terryphone Corp.*, 171 Ga. App. at 712 (3).

Thus, if the Bank fails to proceed in a commercially reasonable manner with respect to its handling of the repossessed collateral, OAI may have a viable cause of action for damages. But the questions of whether the Bank acted commercially reasonable and/or whether and in what amount OAI will owe the Bank in deficiency if and when the Bank disposes of the collateral are not presently before us. Compare *Strong v. Wachovia Bank of Ga.*, 215 Ga. App. 572, 573-575 (3) (451 SE2d 524) (1994); *Henderson Few & Co. v. Rollins Commu-*

---

[2] We note that other jurisdictions that have considered this issue have reached the same result. See generally *Center Capital Corp. v. Marlin Air*, 2008 U. S. Dist. LEXIS 27766 (E.D. Mich. 2008); *Dorman v. Morris*, 519 NW2d 685 (Wisc. App. 1994); *Kimura v. Wauford*, 715 P2d 451 (N.M. 1986). See also McDonnell, J., 1B-8 Secured Transactions Under the UCC § 8.03.

[3] See, e.g., OCGA §§ 11-9-207 (a) ("[A] secured party shall use reasonable care in the custody and preservation of collateral in the secured party's possession."); 11-9-610 (if a secured party chooses to dispose of collateral, "[e]very aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable.").

*nications*, 148 Ga. App. 139, 140-142 (1) (250 SE2d 830) (1978). The only issue before this Court is whether the Bank is entitled to a money judgment in the full amount of the indebtedness of the Note, and the above-cited statutory and case law directs us to answer that question in the positive. See *Ricker*, 215 Ga. App. at 794-795; *ITT Terryphone Corp.*, 171 Ga. App. at 711-712 (2); *McCullough*, 139 Ga. App. at 263 (2). Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED MARCH 20, 2009.

*Cohen, Pollock, Merlin & Small, Gus H. Small, Jr., Karen F. White*, for appellants.

*Kopp & Conner, Neal L. Conner, Jr.*, for appellee.