0420[1]

ASSOCIATES COMMERCIAL CORPORATION, Respondent, v.
Robert A. HAMMOND, Appellant.

(330 S. E. (2d) 82)

Court of Appeals

*William L. Runyon, Jr.*, Charleston, *for appellant.*

*Bernstein & Manos, P.A.*, Charleston, *for respondent.*

Heard Dec. 12, 1984.

Decided May 15, 1985.[1]

SHAW, Judge:

Respondent Associates Commercial Corporation brought this action on a promissory note executed by appellant Robert A. Hammond's bankrupt company and guaranteed by Hammond. Answering the complaint Hammond alleged Associates' sale of the company's repossessed collateral was

---

[1] This opinion No. 0420 was originally filed on March 18, 1985. That opinion is rescinded and the following opinion is substituted in its place.

not commercially reasonable. The trial court granted Associates' motion for directed verdict and awarded attorney's fees. We affirm.

Associates is a finance institution. Hammond was the president of a construction company. In May of 1981 Associates financed the company's purchase of certain earthmoving equipment; the company gave Associates a promissory note guaranteed by Hammond for $206,731.40. In November of 1981 the company filed a petition for relief under Chapter 11 of the Bankruptcy Code, 11 U. S. C. Sections 1101-1174. Pursuant to an order of the United States Bankruptcy Court for the District of South Carolina, Associates repossessed and sold some of the company's equipment for $138,500.

## I.

S. C. Code Ann. Section 15-33-10 (1976) provides when a case "presents only questions of law the judge may direct a verdict." When one party moves for a directed verdict "the trial court must consider the evidence in the light most favorable to the [opposing] party ... If more than one reasonable inference can be drawn from the evidence, the judge must submit the case to the jury." *Waters v. University of South Carolina*, 280 S. C. 572, 313 S. E. (2d) 346 (Ct. App. 1984).

Hammond argues the commercial reasonableness of Associates' sale is a jury question. S. C. Code Ann. Section 36-9-504(1), (3) (1976) provides, "A secured party after default may sell ... the collateral" so long as "every aspect of the disposition including the method, manner, time, place, and terms, [is] commercially reasonable." At trial Associates called two witnesses; they testified Associates' "method of sale is standard in the industry" and "was about the best way they could go about it." Hammond appeared as his own sole witness. He testified if more repairs had been made and the equipment had been sold in a group, instead of piece-by-piece, the proceeds could have covered the debt. However, S. C. Code Ann. Section 36-9-507(2) (1976) states, "The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself

sufficient to establish that the sale was not made in a commercially reasonable manner." Therefore, on this record there was no evidence for the jury to reasonably infer the sale was not commercially reasonable.

## II.

Associates is entitled to reasonable attorneys fees under its security agreement. Counsel for Associates testified a reasonable fee would be 15% of the $206,731.40 sum demanded. The court awarded $26,000, or approximately 13%. "As a general rule, the amount of attorney fees to be awarded in a particular case is within the discretion of the trial judge." *Farmers and Merchants Bank v. Fargnoli*, 274 S. C. 23, 260 S. E. (2d) 185 (1979). Under these circumstances, we find no abuse of discretion.

Affirmed.

SANDERS, C. J., and BELL, J., concur.