0630

MID-CONTINENT REFRIGERATOR COMPANY, Appellant v. Billy Junior CARPENTER and Louise G. Carpenter d/b/a Carpenter's Superette, Respondents.

(340 S. E. (2d) 559)

Court of Appeals

*Thomas B. Roper,* Rock Hill, *for appellant.*

*W. Clarkson McDow, Jr.,* of *Roddey, Carpenter & White,* Rock Hill, *for respondents.*

Heard Dec. 18, 1985.

Decided Feb. 10, 1986.

NESS, Acting Judge:

This is an action seeking a deficiency judgment from the purchasers of grocery store equipment. The jury returned a verdict in favor of the purchasers. We affirm.

Respondents Carpenter purchased a produce display and freezer from appellant Mid-Continent. Mid-Continent repossessed the equipment after the Carpenters defaulted on the payments, and thereafter solicited sealed bids for the resale of the equipment. When no bids were received, Mid-Continent purchased the equipment for approximately one-third of the original price. It sought a deficiency judgment from the Carpenters for the difference between the balance of their account and the price realized upon resale.

At trial, the parties stipulated that the sole issue to be determined was whether the equipment had been sold in a commercially reasonable manner. They agreed that if it was, Mid-Continent was entitled to a deficiency judgment; if not, the Carpenters would prevail. The jury found in favor of the Carpenters. Mid-Continent asserts error in the instructions to the jury concerning the definition of a commercially reasonable sale.

Resale of secured collateral must be conducted in a commercially reasonable manner before the secured creditor will be entitled to a deficiency judgment. S. C. Code Ann. Section 36-9-504(3)(1976). The burden of proving the sale was conducted in a commercially reasonable manner is on the secured creditor. *Henderson Few & Company v. Rollins Communications, Inc.*, 148 Ga. App. 139, 250 S. E. (2d) 830 (1978); Annot. 59 A.L.R. (3d) 369.

While Mid-Continent introduced evidence of how the resale of the equipment was conducted, it introduced no evidence of the value of the collateral at the time of the resale, or any other evidence which would enable the jury to determine whether the sale was commercially reasonable. While the determination is usually one for the jury, it is a matter for the court when the evidence is capable of only one reasonable inference. *Associates Commercial Corporation v. Hammond*, 285 S. C. 277, 330 S. E. (2d) 82 (S. C. App. 1985).

Since there was no evidence the sale was conducted in a commercially reasonable manner, the trial judge could properly have directed a verdict in favor of the

Carpenters. Any error in the jury charge would have been harmless.

Affirmed.

GARDNER and CURETON, JJ., concur.