1074

David J. MATHIAS, Respondent v. Shirley A. HICKS, Appellant.

(363 S. E. (2d) 914)

Court of Appeals

*J. Thomas Falls, Jr.* of *Law Offices of W. Ralph Garris,*
Columbia, *for appellant.*

*Robert L. Jackson* of *Jackson & Jackson,* Columbia, *for
respondent.*

Heard Nov. 17, 1987.

Decided Dec. 14, 1987.

CURETON, Judge:

This is a suit for a deficiency judgment. Section
36-9-504(2), Code of Laws of South Carolina, 1976. The issue
on appeal concerns the right of a secured creditor to obtain a
deficiency judgment in the circumstance where the creditor
fails to give the debtor notice of the sale of the collateral as
provided in Section 36-9-504(3). We affirm the decision of
the trial court.

The respondent, David J. Mathias, was the owner of a
restaurant in Columbia. He sold the restaurant and equip-
ment through a third party to the appellant, Shirley A.
Hicks. A note was executed by Hicks in favor of Mathias in
the amount of approximately Eighteen Thousand Dollars
($18,000). The note was secured by the fixtures, furniture,
and equipment of the restaurant. Hicks complied with the
terms of the note by monthly payments until November,
1985. At that time, she closed the restaurant. Neither Hicks
nor Mathias owned the building where the restaurant was
located. After the closing, the landlord requested the equip-

ment be removed from the building as soon as possible so he could lease the location.

The controversy in the case surrounds the disposal of the equipment by Mathias. He requested bids on the equipment from three local restaurant equipment dealers. He sold the equipment to the highest bidder for Fifteen Hundred Dollars ($1,500.00). Mathias did not notify Hicks of the sale. He applied the proceeds of the sale to the note and subsequently brought this suit for deficiency judgment. Mathias sought a deficiency of approximately Fifteen Thousand Dollars ($15,000).

In her answer and at the appropriate motion stages of the trial Hicks took the position Mathias was not entitled to a deficiency judgment because she was not notified of the sale of the equipment as provided by Section 36-9-504(3), Code of Laws of South Carolina, 1976. Mathias argued the failure to give notice did not absolutely bar him from a deficiency judgment. The trial judge ruled failure to give notice was not an absolute bar to the deficiency. He charged the jury the failure to give notice of the sale created a rebuttable presumption that the collateral was worth the amount of the debt and it was up to the creditor to prove that the value of the collateral did not equal the debt at the time of the sale. The trial judge further charged that the creditor had the burden of proving the market value of the collateral by evidence other than the resale price. The jury was told to return a verdict for Hicks if Mathias did not overcome the presumption. Hicks objected to the charge based upon her position that lack of notice constituted a complete bar to the deficiency. The jury returned a verdict against Hicks.

As a preliminary note, the exception of Hicks to the jury verdict raises the issue of the waiver of the right to a deficiency judgment by virtue of the failure to give notice. This is an issue of law. Hicks did not preserve and argue a challenge to the sufficiency of the evidence presented by Mathias to rebut the presumption of value of the collateral. Therefore, we do not address whether Mathias proved the market value of the collateral by evidence other than the resale price. Further, Hicks did not raise an issue as to the commercial reasonableness of the sale. *See, Mid-Continent*

*Refrigerator Co. v. Carpenter,* 287 S. C. 624, 340 S. E. (2d) 559 (Ct. App. 1986). Therefore, this court is confined to the narrow issue of the legal consequences in South Carolina of failure to give notice under Section 36-9-504(3).

Section 36-9-504(3), Code of Laws of South Carolina, 1976, provides, in part, as follows:

> Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor.

Mathias does not contend the equipment falls within any of the categories recognized as exceptions to notification. Accordingly, Hicks was entitled to notification by Mathias.

There are two main approaches to the question of the right to a deficiency judgment where the debtor has not been notifed of the sale of the collateral. One line of authority advocates the absolute denial of the deficiency judgment. The rationale is the lack of notice deprives the debtor of an opportunity to bid or to encourage others to bid. *Atlas Thrift Co. v. Horan,* 27 Cal. App. (3d) 999, 104 Cal. Rptr. 315 (1972); *First State Bank of Morrilton v. Hallett,* 291 Ark. 37, 722 S. W. (2d) 555 (1987); *Herman Ford-Mercury, Inc. v. Betts,* 251 N. W. (2d) 492 (Iowa 1977); *Siltzer v. North First Bank,* 445 So. (2d) 649 (Fla. App. 1984); *DeLay First National Bank v. Jacobson Appliance Co.,* 196 Neb. 398, 243 N. W. (2d) 745 (1976). The second approach is the method utilized by the trial judge and is characterized as the "rebuttable presumption" method. As previously described, the debtor is entitled to a rebuttable presumption the collateral was worth the indebtedness. It is the burden of the secured party to overcome the presumption by evidence that the value of the collateral was less than the debt. Only if the creditor rebuts the presumption may he maintain the action for the deficiency. *Emmons v. Burkett,* 256 Ga. 855, 353 S. E. (2d) 908 (1987); *First Galesburg National Bank and Trust Co. v. Joannides,* 103 Ill. (2d) 294, 82 Ill. Dec. 646, 469 N. E. (2d) 180 (1984); *Hock v. Ellis,* 627 P. (2d) 1060 (Alaska 1981); *Wiley v.*

*Bank of Fountain Valley,* 632 P. (2d) 282 (Colo. App. 1981); *Johnson Equip. Inc. v. Neilson,* 108 Idaho 867, 702 P. (2d) 905 (Idaho Ct. App. 1985); *First Nat. Bank of Belen v. Jiron,* 106 N. M. 261, 741 P. (2d) 1382 (1987). The basic rationale for this approach is the failure of the UCC to specify a bar to deficiency for lack of notice (*See* 36-9-507) and the idea that the UCC is not designed to penalize creditors or provide a "benefit" to a debtor whose default on the obligation began the process. Both approaches have been utilized by courts around the country. *See, Annot.* 59 A.L.R. (3d) 401 (1974). In fact, courts within a state have been known to change their approach. In Georgia, prior to *Emmons,* the rule had been failure to give notice constituted a complete bar to the deficiency. Arkansas had the opposite experience in that it had followed the rebuttable presumption approach but decided to change its position to the absolute bar theory. *First State Bank,* 722 S. W. (2d) at 556.

Given the divergence of authority, we must determine the approach to be taken in South Carolina. This issue has not been decided under the Uniform Commercial Code in this state. The question was not reached in *Altman Tractor* because the Supreme Court found reasonable notification. *Altman Tractor and Equipment Co. v. Weaver,* 288 S. C. 449, 343 S. E. (2d) 444 (1986). *Johnson Cotton Co.* is a pre-UCC decision and does not involve an interpretation of the Code section. *Johnson Cotton Co. v. Cannon,* 242 S. C. 42, 129 S. E. (2d) 750 (1963). We believe the "rebuttable presumption" approach is the better alternative. The Uniform Commercial Code does not explicitly state that a creditor is barred from a deficiency judgment if he fails to give notice. If the framers of the Commercial Code had desired such a result they could have provided for it in the context of Sections 9-504 and 9-507 (S. C. Code Sections 36-9-504 and 36-9-507). The rebuttable presumption alternative best balances the rights of both the debtor and creditor.

We emphasize no exception was raised to the sufficiency or type of evidence utilized by the creditor to rebut the presumption. By this decision, we do not imply this is an easy burden to overcome. *See,* J. White and R. Summers, *Uniform Commercial Code* Section 26-15 (1972). Accordingly, the judgment of the circuit court is

Affirmed.

SANDERS, C. J., and SHAW, J., concur.