2038

James R. ANDREWS, Respondent v. VON ELTEN & WALKER, INC.,
Bruce von Elten and Cleone von Elten, Appellants.

(432 S.E. (2d) 500)

Court of Appeals

*Lawrence E. Flynn, Jr.,* of *Perrin, Perrin, Mann & Patterson,* Spartanburg, *for appellants.*

*Robert C. Wilson, Jr.,* Greenville, *for respondent.*

Heard May 10, 1993.

Decided June 21, 1993.

CURETON, Judge:

Respondent, James R. Andrews, sued the appellants for failure to make payments under a noncompetition contract and a consulting contract, both of which were part of the sale of a business from Andrews to von Elten & Walker, Inc. The trial judge directed a verdict for Andrews. The corporation and the von Eltens appeal. We reverse and remand.

The primary issue before us is the propriety of the trial court granting Andrews's motion for a directed verdict despite the von Eltens' assertion that Andrews's disposition of the collateral presented an issue of fact under the Uniform Commercial Code as to the amount of his damages.

## FACTS

On December 30, 1988, Andrews sold his family vending machine business to von Elten & Walker, Inc. The purchase price for the business was $425,000. The purchase price was separated into components of value for (1) the equipment, (2) a noncompetition agreement, and (3) a consulting agreement. Separate payment agreements covered each of these components of value. However, the security agreement covering the equipment secured payment of the amounts due under all of the agreements.

Both the noncompetition and consulting agreements provide that should the corporation "discontinue" its present business activities, the compensation payable to Andrews "shall thereupon become immediately due and payable."

The von Eltens personally signed a guaranty agreement which stated that they would "unconditionally and irrevocably guarantee . . . all of the obligations, covenants and conditions contained in the Agreements and the payment of all damages, costs and expenses which by virtue of the Agreements might become recoverable by Andrews from the Primary Obligor

[von Elten & Walker, Inc.]." This guaranty agreement refers only to the consulting and noncompetition agreements.

In March 1991 Andrews lawfully repossessed the business and began operating it. Andrews filed this suit against the appellants in September 1990 for payment of the balance due on the noncompetition and consulting agreements. He also filed a separate lawsuit against the von Eltens in October 1990, involving the equipment agreement (hereinafter referred to as the equipment suit).

Andrews argues that the three agreements are separate contractual obligations and he has elected in the present action to sue only on the guaranty agreement for nonperformance under the noncompetition and consulting agreements. He argues he is free to pursue his guaranty claim irrespective of the collateral and the security agreement.[1]

The von Eltens argue that, in effect, Andrews is seeking a "deficiency" judgment although proper disposition of the collateral has not been made. They also argue that because Andrews is in possession of the collateral and has been awarded the remainder due on the noncompetition and consulting agreements, he has obtained a double recovery.

The court ruled there were three separate contracts and the contracts, not the security agreement, controlled the obligations of the parties. It noted that all arguments made by the von Eltens should and could be made in the equipment suit.

## DISCUSSION

The first question presented is a legal one: may Andrews retain the collateral and initiate the instant action on the noncompetition and consulting agreements? Stated another way, was Andrews required to dispose of the collateral in a commercially reasonable manner as a condition precedent to recovery on the agreements?

Andrews asserts that the von Eltens did not raise any defense in their answer or counterclaim based upon the

---

[1]While Andrews claims he is proceeding solely on the guaranty agreement, we note the form order for judgment granted Andrews's motion for directed verdict because the "defendants defaulted under a Non-Competition Agreement and Consulting Agreement." The guaranty agreement is not mentioned in the order for judgment. Moreover, the judgment is against all defendants, to include the corporation, although the corporation is not a party to the guaranty agreement.

UCC, nor did they provide any evidence at trial in support of any UCC defenses. It is true that the answer and counterclaim do not mention the UCC, but the parties and the court discussed the applicability of the UCC extensively at trial. Andrews did not object to the court considering the issue at trial. The issue was therefore tried by consent of the parties. Rule 15(b), SCRCP; *see Woods v. Rabon,* 295 S.C. 343, 347, 368 S.E. (2d) 471, 473-74 (Ct. App. 1988).

The security agreement provides that, after default, the secured party shall have all the rights and remedies available under the UCC.S.C. Code Ann. § 36-9-501(1) (1976) as amended, provides in pertinent part:

> When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in this part and . . . those provided in the security agreement. He may reduce his claim to judgment, foreclose, or otherwise enforce the security interest by any available judicial procedure. . . . A secured party in possession has the rights, remedies, and duties provided in Section 36-9-207.

The rights and remedies referred to in this subsection are cumulative to any other remedies whether statutory or at common law. *Id.*

Once default has occurred, the secured party is authorized pursuant to Section 36-9-503 to take possession of the collateral. He may then proceed to reduce his debt to judgment, foreclose on the collateral, dispose of the collateral in a commercially reasonable manner, or retain the goods in satisfaction of his claim. S.C. Code Ann. § 36-9-502 to -507 (1976) as amended. While the courts are split on the question of whether a secured creditor should be allowed to pursue alternative remedies, 2 James J. White & Robert S. Summers, *Uniform Commercial Code* § 27-4, at 572-73 (3d ed. 1988), the UCC does not prohibit a secured party in possession of collateral from proceeding judicially on a guaranty. S.C. Code Ann. § 36-9-501(1) (1976) as amended; *ITT Terryphone Corp. v. Modems Plus, Inc.,* 171 Ga. App. 710, 320 S.E. (2d) 784, 786 (1984).

Accordingly, we hold Andrews may pursue alternative remedies. Under both the security agreement and the

UCC, Andrews's remedies as a secured creditor are cumulative and he should not be "required to reduce himself to the position of an unsecured creditor so long as he acts in a commercially reasonable manner and does not . . . impair the position of [his] debtor." *Id.*

Therefore, Andrews's election to repossess the collateral and file suit on the noncompetition and consulting agreements without first disposing of the collateral was proper under both the UCC and the security agreement. *See Glamorgen Coal Corp. v. Bowen,* 742 F. Supp. 308, 311 (W.D. Va. 1990); *Ingersoll-Rand Fin. Corp. v. Atlantic Management and Consulting Corp.,* 717 F. Supp. 1067, 1069 (D.N.J. 1989); *McCullough v. Mobiland, Inc.,* 139 Ga. App. 260, 228 S.E. (2d) 146, 148 (1976).

While Andrews may pursue alternative remedies, he also has duties to the von Eltens with respect to the collateral; his overall conduct with respect to the collateral must be commercially reasonable. S.C. Code Ann. 36-9-504(3) (1976) as amended ("Sale or other disposition may be . . . on any terms but every aspect of he disposition including the method, manner, time, place and terms must be commercially reasonable."). Manifestly, Andrews is a secured party as to the sums due under all three agreements and, pursuant to Section 36-9-504(2), must account to the von Eltens for any surplus after disposition of the collateral. Admittedly, he has taken possession of the collateral pursuant to Section 36-9-503 and the security agreement. Clearly, he has not elected to sell the collateral after default under the provisions of Section 36-9-504. Accordingly, the question now presented is whether his actions in regards to the collateral preclude judgment on the noncompetition and consulting obligations via the guaranty agreement.

The question of whether or not a secured creditor has acted in a commercially reasonable manner as to collateral in his possession is ordinarily a question of fact for the jury. *See Mid-Continent Refrigerator Co. v. Carpenter,* 287 S.C. 624, 625, 340 S.E. (2d) 559, 560 (Ct. App. 1986). In *Mathias v. Hicks,* 294 S.C. 305, 308, 363 S.E. (2d) 914, 916 (Ct. App. 1987), we held that there is a rebuttable presumption that repossessed collateral is equal to the secured indebtedness. The burden of proof is on the creditor to show otherwise

and only if he "rebuts the presumption may he maintain [an] action for the deficiency." *Id.*

Here, Andrews attempts to avoid the consequences of this presumption by suing on the guaranty agreement. This may not be done without accounting for the value of the collateral. S.C. Code Ann. § 36-9-504(2) (1976) as amended. It was suggested both at trial and oral argument that the collateral is not worth the indebtedness. Also, the trial court found that the value of the collateral may be properly accounted for in the equipment suit. We note, however, the order directing the verdict for Andrews does not direct that this accounting be made. On the other hand, the von Eltens argue that there is no way to ascertain the market value of the collateral at the time it was repossessed by Andrews in 1991.

## CONCLUSION

In any event, the questions of the reasonableness of Andrews's actions in retaining the collateral without having yet accounted to the von Eltens for its value and of the value of the collateral at time of repossession are jury questions that must be resolved before Andrews is entitled to what in this case amounts to a deficiency judgment. *See Mid-Continent Refrigerator Co.*, 287 S.C. at 624, 340 S.E. (2d) at 560. As noted above, the burden is on Andrews to show that the value of the collateral was less than the amount due him at the time of repossession. Should he fail to carry that burden, he has by retention of the collateral elected to accept it in satisfaction of his secured (total) indebtedness. *See* Maurice T. Brunner, Annotation, *Construction and Operation of UCC § 9-502(2) Authorizing Secured Party in Possession of Collateral to Retain it in Satisfaction of Obligation*, 55 A.L.R. (3d) 651, 652 (1974).

Accordingly, we reverse the trial court's grant of a directed verdict and remand to the trial court for proceedings consistent with this opinion. On remand, the trial court might defer judgment in this case until after the equipment suit has been resolved or consolidate that suit with this suit for trial.

The von Eltens also argue that they were entitled to a directed verdict in their favor because Andrews failed to introduce evidence that he acted in a commercially reasonable manner in retaining the collateral. In view of our remand of this case, we reject this contention as being without merit.

S.C. Code Ann. § 14-8-250 (1976) as amended; Rule 220(b)(2), SCACR.

Reversed and remanded.

SHAW and GOOLSBY, JJ., concur.