24025

REPUBLIC NATIONAL BANK, Respondent v. DLP INDUSTRIES, INC., Glenn E. Deese and James T. Pulliam, Individually and as Officers and/or Directors of DLP Industries, Inc., Petitioners.

(441 S.E. (2d) 827)

Supreme Court

*Henry L. Deneen,* of *Kirkland, Wilson, Moore, Allen, Deneen & Taylor, P.A.,* West Columbia, *for petitioners.*

*Darra W. Cothran,* of *Woodward, Leventis, Unger, Herndon & Cothran,* Columbia, *for respondent.*

Heard Jan. 19, 1994.

Decided Mar. 7, 1994. Reh. Den. Apr. 6, 1994.

MOORE, Justice:

This case is before us on a writ of certiorari to review the Court of Appeals' decision in *Republic National Bank v. DLP Industries, Inc., et al.,* Op. No. 93-UP-102 (S.C. Ct. App. filed April 8, 1993). We affirm.

### FACTS

In November 1989 Petitioners defaulted on a $100,000 loan. In March 1990 respondent Republic National Bank (Bank) filed a claim and delivery action. In August 1990 Bank repossessed the collateral which consisted mostly of surplus cloth-

ing.[1] On August 22, 1990, Bank sold the collateral for $11,000 and sought a deficiency judgment which the trial court granted. The Court of Appeals affirmed.

## ISSUE

Did the trial court err in holding the sale was commercially reasonable?

## DISCUSSION

Petitioners argue the trial court erred in finding the sale was commercially reasonable because Bank offered only the bids it received as evidence of the collateral's value. The sale of collateral is addressed in S.C. Code Ann. § 36-9-504(3) (Supp. 1993) which provides: "every aspect of the disposition, including the method, manner, time, place and terms must be commercially reasonable."

Bank received three bids after contacting five prospective buyers. The highest bid was for $11,000 from Sunshine Sales Company which eventually bought the collateral; the other bids were for $1,255 and $9,000.

Relying on the original purchase price of the collateral for $170,000 and purchase orders which they claim they had procured for over $82,000, petitioners argue the fair market value of the collateral was at least $82,000. However, there was testimony that the clothing was in poor condition, six to eight years old and worth only $11,000.

In an action at law, tried without a jury, the findings of fact of the judge will not be disturbed on appeal unless found to be without any evidence which reasonably supports the findings. *Townes Assoc., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E. (2d) 773 (1976). There is evidence which supports the trial court's finding.

Petitioners then argue Bank failed to give them notice thereby rendering the sale commercially unreasonable.

However, the failure to provide notice does not render the sale commercially unreasonable; it results in a rebuttable presumption that the collateral's value was equal to the debt. *Mathias v. Hicks*, 294 S.C. 305, 363 S.E. (2d) 914 (Ct. App. 1987).

---

[1] Although appellants state that there were 33,000 pieces of clothing repossessed, the bill of sale shows only approximately 16,200 pieces of clothing.

Section 36-9-504(3) provides in pertinent part:

"[u]nless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made must be sent by the secured party. . . ."

The trial court held the surplus clothing industry is a recognized market and, therefore, notice is not required.

"[A] recognized market is one in which sales consists [sic] of numerous items so similar that individual differences are absent or irrelevant, in which bartering or haggling and competitive bidding are not major factors in these sales. . . ." 68A Am. Jur. (2d) *Secured Transactions* § 656 (1993). Furthermore, recognized markets are usually limited to stock or commodity markets. *Id.; Wippert v. Blackfeet Tribe*, 215 Mont. 85, 695 P. (2d) 461 (1985). Surplus clothing does not qualify as a type of collateral which is sold on a recognized market. Therefore, Bank was required to give petitioners notice.

Based on the record before us, however, we hold Bank rebutted the presumption that the collateral value was equal to the debt. The trial judge correctly granted a deficiency judgment. *Townes, supra.*

Petitioners' remaining issue is affirmed pursuant to Rule 220(b), SCACR, and the following authority: *Camp v. Springs Mort. Co.,* — S.C. —, 426 S.E. (2d) 304 (1993).

Affirmed.

CHANDLER, Acting C.J., FINNEY and TOAL, JJ., and COSTA M. PLEICONES, Acting Associate Justice, concur.