Appellants, Gene Sheryl Nix, Sandra Dianne Nix and Dewayne Nix
(hereinafter either referred to individually or jointly as Intervenors)
appeal the trial courts order denying their motion to intervene, arguing that
their participation and the relief the

THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED UPON AS PRECEDENT
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of Health and Environmental Control, Respondent,
 v.
 Shane Gould, Appellant.
 
 
 

Appeal from Administrative Law Court
 Ralph King Anderson, III, Administrative
 Judge

Unpublished Opinion No. 2007-UP-326
 Submitted April 2, 2007  Filed June 18,
 2007

AFFIRMED

 
 
 
 C.C. Harness, III, of Mount Pleasant, for Appellant.
 Van Whitehead, of North Charleston, for Respondent.
 
 
 

PER
 CURIAM:  Shane Gould appeals the administrative
 law judges (ALJ) order requiring relocation of a covered pierhead in a permit
 revocation action initiated by the South Carolina Department of Health and
 Environmental Control (DHEC).  We affirm.
FACTS
Gould
 resides and owns a house at 29 Sea Olive Road on Hilton Head Island, adjacent
 to Point Comfort Creek.  He applied for a dock permit in November 2001, which
 was granted on December 19, 2001.  Based on Goulds permit application, all
 parts of the dock were to be built at least twenty feet inside his extended
 property line.  Gould began building the dock in 2003.  
Contemporaneously
 with construction of the dock, Margaret Maxwell, Goulds neighbor, complained
 that the dock crossed the extended property line separating her property from
 Goulds.  Indeed, as completed, the docks roofed pierhead and a floating dock
 crossed the extended property line separating the properties.  Maxwell
 continued to complain to the Office of Ocean and Resource Management (OCRM) and
 government officials about the docks placement, the resulting obstruction of
 her view, and her access to the creek.  
Based
 upon her complaints, OCRM reviewed the permit and discovered the inaccuracy of
 the submitted application.  OCRM instituted an enforcement action in 2004, but
 instead proceeded with this revocation action.[1] 
 In the action, OCRM sought to revoke Goulds permit based on the material
 inaccuracy of the drawings, as well as to require him to submit a new permit
 application with new drawings.  However, OCRM did not seek to require Gould to
 alter the dock in the interim.  
During
 the pendency of this action, Gould agreed to move his floating dock to the
 other side of the pierhead onto his side of the extended property line.  However,
 he did not agree to move the roofed pierhead, which remained across the line
 separating his property from Maxwells.
The ALJ
 found that after Goulds floating dock was moved, the only material harm would
 be the impact on Maxwells view.  Accordingly, the ALJ found this matter could
 be solved without revoking the existing permit and requiring a new application. 
 Thus, the ALJ ordered modification of the existing permit such that (1) the
 gangway and float be moved to the opposite side of the pierhead, and (2) any
 portion of the pierhead roof lying over the extended property lines be removed. 
 He further required that the new location of the floating dock be approved by
 OCRM consistent with his order, and any partial removal of the roofing be
 approved by OCRM.  Gould Appeals.  DHEC did not file a brief.
STANDARD OF REVIEW
The
 appellate court may reverse or modify an administrative decision if such
 decision is affected by errors of law, characterized by an abuse of discretion,
 or clearly erroneous in view of the substantial evidence on the whole record.  Professional
 Samplers, Inc. v. South Carolina Employment Sec. Comn, 334 S.C. 392, 395,
 513 S.E.2d 374, 376 (Ct. App. 1999).  Substantial evidence is not a mere
 scintilla of evidence, nor the evidence viewed blindly from one side of the
 case, but is evidence which, considering the record as a whole, would allow
 reasonable minds to reach the conclusion the administrative agency reached in
 order to justify its action.  Hull v. Spartanburg Co. Assessor, 372
 S.C. 420, 641 S.E.2d 909, 911 (Ct. App. 2007).  The appellate court may not
 substitute its judgment for that of an agency as to the weight of evidence on
 questions of fact.  Grant v. South Carolina Coastal Council, 319 S.C.
 348, 353, 461 S.E.2d 388, 391 (1995).  
LAW / ANALYSIS
I.  Legal Authority to Order
 Removal of the Pierhead-Roof
Gould argues that
 the ALJ lacked legal authority to order the removal of the portion of the
 pierhead roof that crosses the extended property lines.  Specifically, he
 argues because the roof removal was not agreed to by the parties, and because
 OCRM did not request this relief or make any general prayer for relief, there
 is no basis for that portion of the order.  We
 disagree.  
This
 issue is not preserved for appellate review.  During examination of the trials
 first witness, the ALJ asked the parties: 

 In
 light of the tenure that this case comes before me, do I have the authority to
 if I find in (sic) fitting with the facts to amend the permit and to allow the
 permit of the dock crossing the extended property line within my authority to
 modify?  

Counsel for OCRM answered in the
 affirmative and Gould made no response.  The ALJ further noted Well, I just
 wanted to ask that to let both parties know what I may be thinking about and so
 you can ask your questions accordingly.  Again, Gould did not object or
 respond.  At the conclusion of the hearing, the ALJ stated that a proper
 resolution to this case would be to modify the permit and require that . . .
 that no dock or anything else extend beyond the extended property line from that
 point on, notifying the parties that the hearing would be adjourned other than
 any response to that proposed resolution.  Gould again made no objection or
 argument in response.  By failing to object to the ALJs comments, Gould waived
 any objection he may have raised to the remedy granted.  Rule 15(b), SCRCP, (When
 issues not raised by the pleadings are tried by express or implied consent of
 the parties, they shall be treated in all respects as if they had been raised
 in the pleadings.); Andrews v. von Elten & Walker, Inc., 315 S.C.
 199, 202, 432 S.E.2d 500, 502, (Ct. App. 1993) (holding an issue that was
 discussed extensively at trial without objection was tried by consent of the
 parties).
Additionally,
 we note Goulds position at trial was markedly contrary to his position on
 appeal.  Gould argued before the ALJ that an enforcement action was the proper
 means for OCRM to address Goulds dock permit issue, rather than a revocation
 action.  As Gould apparently acknowledges in his brief, in an enforcement
 action for a permit violation, modification and removal are proper remedies.  See South Carolina Coastal Council v. Vogel, 292 S.C. 449, 357 S.E.2d 187
 (1987) (affirming a removal order of an illegally constructed dock); Brownlee
 v. Dept. of Health and Env. Control, 372 S.C. 119, 641 S.E.2d 45, 46 (Ct.
 App. 2007) (discussing an enforcement action by the predecessor to OCRM in
 response to a dock that, having been built not in compliance with the issued
 permit, had been subject to an administrative order to relocate the pierhead
 and walkway).  Thus, in effect, Gould now appeals the ALJs enforcement-like
 resolution of this matter, after arguing enforcement was the proper form for
 this action in the first place.  It is well settled that one cannot present
 and try his case on one theory and then change his theory on appeal.  Gurganious
 v. City of Beaufort, 317 S.C. 481, 488, 454 S.E.2d 912, 916 (Ct. App.
 1995).  
Because
 Gould raised no objection when the ALJ stated his intent to modify the permit
 rather than revoke it, and because of the inconsistency of his arguments on
 appeal and before the ALJ, we find this issue not preserved for appellate review. 
 Therefore, we find no error in the ALJs order. 
CONCLUSION
Based on the
 foregoing, the ALJs order is 
AFFIRMED.
HEARN, C.J., and
 GOOLSBY and STILWELL, JJ., concur.
 

[1] Maxwell was denied the right to intervene on October
 18, 2005.  She did not appeal from this decision.  Although it is unclear from
 the record, it appears that Maxwells intervenor status was denied while this
 action was still in the posture of an enforcement action.