**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

S. Scott Porter, Individually and as Co-Trustee of The Stanley Scott Porter Trust UA dated January 2, 1991, a member of Peaceful Lane MHP, LLC, Respondent,

v.

Kenneth Hucks, Individually and as a member and formerly designated manager of Peaceful Lane MHP, LLC, Appellant.

Appellate Case No. 2018-000852

———————————

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2021-UP-090
Submitted February 1, 2021 – Filed March 17, 2021

———————————

**AFFIRMED**

———————————

Richard R. Gleissner and Luke Richard Gleissner, both of Gleissner Law Firm, LLC, of Columbia, for Appellant.

Mary Madison Brittain Langway and Thomas C. Brittain, both of The Brittain Law Firm, P.A., of Myrtle Beach, for Respondent.

———————————

**PER CURIAM:** Kenneth Hucks appeals a jury verdict in favor of S. Scott Porter in the amount of $218,000, arguing (1) Porter's breach of contract claim was barred by the statute of limitations, (2) the Uniform Commercial Code (UCC) precluded judgment for Porter, and (3) the trial court erred in admitting hearsay testimony. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. Viewing the evidence and reasonable inferences drawn therefrom in the light most favorable to Porter, we find the trial court did not err in submitting the issue of statute of limitations to the jury. *See Turner v. Med. Univ. of S.C.*, 430 S.C. 569, 582, 846 S.E.2d 1, 7 (Ct. App. 2020) ("When considering a motion for a directed verdict, the [trial] court must 'view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motion and [must] deny the motion when either the evidence yields more than one inference or its inference is in doubt.'" (quoting *Estate of Carr ex rel. Bolton v. Circle S Enters., Inc.*, 379 S.C. 31, 38, 664 S.E.2d 83, 86 (Ct. App. 2008))); *McKaughan v. Upstate Lung & Critical Care Specialists, P.C.*, 421 S.C. 185, 189, 805 S.E.2d 212, 214 (Ct. App. 2017) ("When reviewing the [trial] court's decision on a motion for directed verdict, this court must employ the same standard as the [trial] court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party." (quoting *Burnett v. Family Kingdom, Inc.*, 387 S.C. 183, 188, 691 S.E.2d 170, 173 (Ct. App. 2010))); *Turner*, 430 S.C. at 582, 846 S.E.2d at 7 ("This court will reverse the [trial] court's ruling on a directed verdict motion only when there is no evidence to support the ruling or when the ruling is controlled by an error of law."); *Brown v. Finger*, 240 S.C. 102, 113, 124 S.E.2d 781, 786 (1962) ("The burden of establishing the bar of the statute of limitations rests upon the one interposing it . . . and where the testimony is conflicting upon the question, it becomes an issue for the jury to decide." (citations omitted)). Porter's testimony that he received Hucks's interest in Peaceful Lane MHP, LLC and deducted the value of said interest from the debt Hucks owed on the promissory note (the Note) created a jury question as to whether the statute of limitations was tolled. *See* S.C. Code Ann. § 15-3-530(1) (2005) (explaining "an action upon a contract, obligation, or liability, express or implied" must be brought within three years); S.C. Code Ann. § 15-3-520 (2005) ("No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter unless it be contained in some writing signed by the party to be charged thereby. But *payment of any part of principal or interest is equivalent to a promise in writing*." (emphasis added)).

2. Hucks's argument that the UCC precluded a judgment in favor of Porter is not preserved for appellate review.[1] *See* Rule 12(b), SCRCP ("Every defense, in law or fact, to a cause of action in any pleading . . . shall be asserted in the responsive pleading thereto . . . ."); *RIM Assocs. v. Blackwell*, 359 S.C. 170, 182-83, 597 S.E.2d 152, 159 (Ct. App. 2004) ("Generally, claims or defenses not presented in the pleadings will not be considered on appeal."). Hucks did not assert the UCC applied to the Note in his answer and did not argue the UCC applied in the presence of the jury. Instead, Hucks only argued the UCC applied when moving for a directed verdict. *Cf. Andrews v. von Elten & Walker, Inc.*, 315 S.C. 199, 201-02, 432 S.E.2d 500, 502 (1993) (explaining the trial court appropriately tried a UCC issue by consent of the parties because "the parties and the court discussed the applicability of the UCC exclusively at trial," despite the fact that the parties raising the issue "did not raise any defense in their answer or counterclaim based upon the UCC"). Accordingly, we find this issue is not preserved for appellate review.

3. Hucks's argument that the trial court erred in admitting an email between him and Porter because the email contained hearsay is not preserved for appellate review. *See State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("For an objection to be preserved for appellate review, the objection must be made at the time the evidence is presented."); *Webb v. CSX Transp., Inc.*, 364 S.C. 639, 655, 615 S.E.2d 440, 449 (2005) (holding appellant's argument not preserved for appellate review when an expert testified regarding the report in question without a contemporaneous objection from the appellant). Here, Hucks did not object when the email was first introduced at trial. Hucks asked Porter about the email on cross-examination, and the trial court accepted the email as a court's exhibit without objection. Hucks only objected when Porter attempted to discuss the email on redirect examination. Accordingly, this issue is not preserved for appellate review.

**AFFIRMED.**[2]

---

[1] To the extent Hucks argues the trial court should have charged the jury on the applicability of the UCC, we find the trial court did not err. *See Welch v. Epstein*, 342 S.C. 279, 311, 536 S.E.2d 408, 425 (Ct. App. 2000) ("When reviewing a jury charge for alleged error, an appellate court must consider the charge as a whole in light of the evidence and issues presented at trial."). The UCC issue was never raised in front of the jury in this case. Thus, we find the trial court did not err in refusing to charge the jury on the issue.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**