[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15498
_____

D.C. Docket No. 1:10-cv-04054-JOF


KEYBANK NATIONAL ASSOCATION,

Plaintiff–Counter Defendant‑Appellee,

versus

CURTIS HAMRICK,
TERESA HAMRICK,

Defendants–Counter Claimants‑Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 8, 2014)

Before FAY, Circuit Judge, and HODGES* and HUCK,** District Judges.

PER CURIAM:

_____

* Honorable Wm. Terrell Hodges, United States District Judge for the Middle District of Florida, sitting by designation.
** Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

Curtis and Teresa Hamrick ("the Hamricks") appeal partial summary judgment and an attorneys' fee award in a breach-of-contract action brought by KeyBank National Association ("KeyBank"), which financed their purchase of a houseboat.  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In March 2008, the Hamricks signed a Marine Purchase Agreement for a 55-foot Gibson houseboat from The HouseBoat Store, LLC ("HBS") in Georgia. They also signed a Consumer Note Installment Loan Note, Security Agreement, and Disclosure Statement ("Loan Agreement") with KeyBank.  Under the Loan Agreement, KeyBank loaned the Hamricks $240,000 to purchase the houseboat with the Hamricks agreeing to 240 monthly payments of $1,808.69, commencing in June 2008.  The Hamricks agreed to "sign all documents . . . required to perfect [KeyBank's] security interest in the [c]ollateral."  Loan Agreement at 3. The Loan Agreement contained a choice-of-law provision stating that it "shall be governed by federal laws and the laws of the State of Ohio, without regard to conflict of law rules."  *Id.* at 4.  On March 24, 2008, KeyBank wired $240,000 to HBS, and the Hamricks took possession of the houseboat.

In May 2008, the Hamricks attempted to sell the houseboat on Craigslist but received no offers.  A year after the purchase of the houseboat, KeyBank discovered HBS had failed to perfect KeyBank's lien on the houseboat under its

2

dealer agreement with HBS.[1]  In March 2009,  KeyBank requested that the Hamricks sign documents required to perfect its lien.  The Hamricks refused and stopped making payments on the loan.  At his deposition, Curtis Hamrick testified he stopped making payments, because (1) KeyBank had failed to protect him in dealing with HBS, (2) he alleged fraud in the transaction,[2] and (3) the Hamricks "didn't have the documents."  C. Hamrick Dep. at 162.  Subsequently, he wrote a letter to KeyBank's attorney stating the Hamricks owned the houseboat outright with no lien.

With the Hamricks' default and repudiation of their repayment obligation, KeyBank accelerated the loan in July 2009.  The Hamricks did not repay the accelerated amounts due; they instead attempted to sell the houseboat.  First, they offered it for public sale in September 2009.  They did not accept an offer of $162,500.  Second, Curtis Hamrick relisted the houseboat on Craigslist for $135,000.   He represented he believed he would sell the houseboat for approximately $100,000.  The Hamricks also impermissibly removed fixtures and

---

[1] KeyBank had a dealer agreement with HBS, whereby KeyBank would finance boat sales from HBS, which would perfect a first lien on boats purchased with the loan.

[2] The Hamricks' answers allege fraud in the sale of the houseboat, resulting in breaches of purported fiduciary duties, which entitled them to rescission of the Loan Agreement.  They believed a former KeyBank employee, who had handled financing of the houseboat, had worked with HBS in the sale of the houseboat.  Consequently, they thought this made KeyBank liable in disputes they had with HBS.  The Hamricks' fraud allegations concern their purchase of the houseboat from HBS under the Marine Purchase Agreement rather than their financing the purchase through KeyBank with the Loan Agreement at issue in this appeal.

furnishings from the houseboat amounting to $20,000, which constituted security under the Loan Agreement.

Confronting impairment to its collateral, KeyBank exercised its right under the Loan Agreement to perfect its security interest.  KeyBank notified the Hamricks it had accelerated the amount they owed under the Loan Agreement.  Curtis Hamrick admitted he had received the acceleration notice and refused to pay the full amount owed.  Consequently, KeyBank repossessed the houseboat.  KeyBank marketed and sold the houseboat for $155,000, which left a deficiency under the Loan Note of $89,813.91, plus $21,221.52 for repossession, storage, transport, interest, and other fees, cumulatively totaling $111,035.43.

On December 14, 2010, KeyBank brought a diversity action against the Hamricks and HBS[3] in the Northern District of Georgia to recover the deficiency and asserted three claims against the Hamricks: breach of contract regarding the Loan Agreement, "amounts due," and attorneys' fees.  The Hamricks filed their answer on January 4, 2011,  an amended answer on January 21, 2011, and a second amended answer and counterclaims on February 24, 2011.[4]   In none of the Hamricks' answers and counterclaims do they raise lack of notice as an affirmative defense.  Given KeyBank's pending motions to dismiss and to strike the Hamricks'

_____

[3] The suit against HBS was based on provisions in the dealer agreement.
[4] The Hamricks failed to obtain leave of court under Federal Rule of Civil Procedure 15 prior to filing their second amended answer and counterclaims.

4

second amended answer and counterclaims, the Hamricks filed a notice of voluntary dismissal of all their counterclaims on March 28, 2011.  On November 30, 2011, KeyBank moved for partial summary judgment on its breach-of-contract and "amounts due" claims.  In their January 2, 2012, opposition to KeyBank's motion for partial summary judgment, the Hamricks first raised lack of notice as a defense to KeyBank's deficiency claims.  They did not raise as a defense that the sale price of the houseboat was commercially unreasonable.

On August 17, 2012, the district judge granted KeyBank's motion for partial summary judgment for its breach of the Loan Agreement and "amounts due" claims.  The judge found (1) the Hamricks had signed the Loan Agreement; (2) the Loan Agreement accurately memorializes the Hamricks' agreement with KeyBank; (3) KeyBank funded the loan in full satisfaction of its responsibilities under the Loan Agreement; (4) the Hamricks defaulted on their repayment obligations; and (5) KeyBank had not recouped all the funds, interest, fees, and expenses the Hamricks owed under the Loan Agreement.  The judge further found the Hamricks did not dispute the amount KeyBank received for the sale of the houseboat or the resulting deficiency.  The judge noted Georgia contracting parties may stipulate that the laws of another jurisdiction will govern the transaction, unless the law is contrary to Georgia public policy; Ohio law for simple breach-of-contract claims is not contrary to Georgia public policy.

5

The judge additionally awarded KeyBank its costs and attorneys' fees incurred in responding to the Hamricks' discovery requests.   The parties filed a proposed final judgment in which the Hamricks consented to judgment being entered against them on KeyBank's claim for attorneys' fees and costs for $190,077.71.  On September 24, 2012,  the judge adopted the proposal on which parties had agreed and entered the final judgment amount to which they had consented.  The Hamricks appeal both the district judge's granting partial summary judgment and awarding attorneys' fees to KeyBank.

## II. DISCUSSION

A. Partial Summary Judgment

The Hamricks contend partial summary judgment improperly was granted to KeyBank, because there were genuine issues of material fact concerning KeyBank's compliance with the notice provisions of Ohio.   We review de novo a district judge's grant of summary judgment. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006).  Summary judgment or partial summary judgment is appropriate, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).   All evidence is viewed in the light most favorable to the non-movant. *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224-25 (11th Cir. 2002).   A district judge must enter "'summary judgment against a party

6

who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial.'" *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008) (per curiam) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986)).

The Hamricks argue the district judge erred in determining they had waived their alleged affirmative defense that KeyBank had failed to meet the legal notice requirements for sale of the houseboat. After repossessing the houseboat, KeyBank sent a certified letter providing notice of the auction to the Hamricks at "144 Indian Beach Trail RR 144[,] Jasper, GA 30143." C. Hamrick Dep. Ex. 22. This was the Hamricks' home address but not their mailing address.[5] The Hamricks claimed that they had not received the letter, because the address is not deliverable by the United States Postal Service.

It is undisputed the Hamricks failed to raise their notice defense until they responded to KeyBank's motion for partial summary judgment. With opportunities to raise this affirmative defense in their answer as well as their first and second amended answers, the district judge noted the "Hamricks fail to make any arguments as to why the court should excuse this failure." Partial Summ. J. Order at 8 n.6. When jurisdiction is premised on diversity, procedural aspects of

---

[5] The Hamricks received mail at a Post Office Box.

7

the case are controlled by federal law, while state law governs substantive issues.[6]

*Hammer v. Slater*, 20 F.3d 1137, 1140 (11th Cir. 1994) (applying Georgia law).

Under Federal Rule of Civil Procedure 8(c), defendants are required to "affirmatively state any avoidance or affirmative defense" in their pleadings. Fed. R. Civ. P. 8(c)(1). "Failure to plead an affirmative defense generally results in a waiver of that defense." *Latimer v. Roaring Toyz, Inc.*, 801 F.3d 1224, 1239 (11th Cir. 2010); *see Hassona v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) ("[T]he general rule is that, when a party fails to raise an affirmative defense in the pleadings, that party waives its right to raise the issue at trial."). When an affirmative defense initially was raised pursuant to a summary judgment motion, we determined that the defendant's "failure to specifically plead the defense in its answer or amended answer results in the waiver of this defense." *Easterwood v. CSX Transp., Inc.*, 933 F.2d 1548, 1551 (11th Cir. 1991) (citing *Morgan Guar. Trust Co. of N.Y. v. Blum*, 649 F.2d 342, 345 (5th Cir. Unit B 1981)). By failing to assert their notice argument in any of their three answers,[7]

---

[6] Significantly, the Loan Agreement specifically states it also is governed by federal law. Loan Agreement at 4.

[7] The Hamricks' notice argument also is undermined by the facts, because the purpose of notice is to ensure commercially reasonable proceeds from the sale of collateral. The $155,000 KeyBank received for selling the houseboat was only $7,500 less than the $162,500 offer the Hamricks initially had received for the houseboat and rejected. In addition, the Hamricks had removed fixtures from the houseboat worth $20,000.

we conclude the Hamricks have waived this affirmative defense.[8]  Because of this

waiver, the Hamricks could not establish their claims related to their Loan

Agreement with KeyBank, and the district judge properly granted partial summary

judgment to KeyBank.

B. Attorneys' Fee Award

The Hamricks contend the attorneys' fee award must be vacated, because the

fees should not have been awarded under a Georgia statute, O.C.G.A. §13-6-11.

The judge did not decide the claim for attorneys' fees, because Georgia law

requires that it be submitted to a jury.  KeyBank had sought attorneys' fees from

the Hamricks, who had four different attorneys in the course of this litigation, for

---

[8] The Hamricks' attempt to raise a choice-of-law issue concerning Georgia law, the state of the houseboat sale, and Ohio, the applicable law for the Loan Agreement, is unavailing.  Both Georgia and Ohio have adopted Revised Article 9 of the Uniform Commercial Code ("U.C.C."), which governs secured transactions.  Ohio Rev. Code Ann. § 1309.101; Ga. Code Ann. § 11-9-101.  In neither state is lack of notice a bar to recovery; it instead affects the calculation of a deficiency resulting from the sale of collateral arising from a consumer transaction.  While model provision U.C.C. § 9-626(a) describes the calculation of deficiencies, the preface states: "In an action arising from a transaction, other than a consumer transaction . . . ."  Although the model provision deals only with non-consumer transactions, Ohio's statute deletes the phrase "other than a consumer transaction."  *Compare id.*, *with* Ohio Rev. Code Ann. § 1309.626(a).  Georgia's statute does not vary from U.C.C. § 9-626(a), but courts in Georgia have applied the same rule in consumer transactions, where a deficiency is involved.  *See Emmons v. Burkett*, 353 S.E.2d 908, 911 (Ga. 1987); *see also* Ga. Code Ann.§ ll-9-626(b) ("The limitation . . . to transactions other than consumer transactions is intended to leave to the court the determination of proper rules in consumer transactions.").

The Hamricks fare no better by arguing a secured creditor's obligation to provide notice is a condition precedent to the recovery of a deficiency judgment and characterizing notice as a condition precedent under Ohio law.  Under Federal Rule of Civil Procedure 9(c), "when denying that a condition precedent has occurred or been performed, a party must do so with particularity."  Fed. R. Civ. P. 9(c).  In the Hamricks' operative answer, the only condition precedent they denied had occurred related to the formation of the Marine Purchase Agreement, not to the Loan Agreement or deficiency action.  Nothing in their operative answer was sufficient to inform KeyBank the Hamricks denied receiving notice.

sanctions concerning discovery and for bad faith and stubborn litigiousness. Rather than go to trial on that claim, the Hamricks consented to the entry of a final judgment of $111,221.43 for the breach of contract and $190,077.71 in attorneys' fees.

The Hamricks made no argument to the district judge regarding whether attorneys' fees were appropriate; instead, they consented to the entry of the fees in the final judgment. Although they reserved their rights of appeal, "[i]t is well settled that issues not raised in the district court in the first instance are forfeited." *Entrekin v. Internal Med. Assocs. of Dothan, P.A.*, 689 F.3d 1248, 1252 (11th Cir. 2012) (alteration in original) (citation and internal quotation marks omitted). Because the Hamricks did not contest KeyBank's entitlement to or the basis for the attorneys' fee award before the district judge, they cannot raise either issue on appeal.

**AFFIRMED.**

10